425 P.2d 135

Reynaldo B. RONQUILLO, Petitioner,

v.

The INDUSTRIAL COMMISSION of Arizona, Respondents,

Martin Construction Company, Defendant Employer.

No. 1 CA–IC 111.

Court of Appeals of Arizona.

March 24, 1967.

## 234

taken to the hospital at which time it was discovered that he was suffering from high blood pressure (hypertension), and the fractures could not be reduced surgically until the hypertension was evaluated and treated by a specialist. Thereafter the high blood pressure was controlled by medication and the fractures were treated surgically.

Petitioner received medical treatment for some three years until 1965 when his condition was evaluated by a consultation board. The Commission issued an award in June of 1965 which found that petitioner had a permanent partial disability amounting to a 50% loss of function of the left leg. The award was protested and a hearing was held in November of 1965.

We are called upon to determine whether the evidence sustains the award and finding of the Commission in relation to the effect of the industrial accident and the hypertension upon petitioner's resulting disability.

The evidence is abundantly clear that petitioner's hypertension preexisted the date of the accident. The evidence is also abundantly clear that the injury aggravated petitioner's hypertension. Petitioner's hypertension continued to be a source of concern to the physicians, particularly before any surgical correction for petitioner's injuries.

The report of a medical consultation held 16 April 1965 recited as follows:

"It is the conclusion of the undersigned examiners that this man's condition is now stationary. Further examination and treatment as a result of the injury itself are not indicated. It is to be stressed and has been stressed to the patient that he has a problem in hypertension and this must be followed medically, regularly, however, this is not felt to be the result of his injury nor is it an industrial responsibility insofar as his medical care is concerned for hypertension. Any aggravation which may have occurred from the injury to his essential hypertension has already passed and there is no relationship between his es-

Hirsch, Van Slyke & Ollason, by Lawrence Ollason, Tucson, for petitioner.

Robert K. Park, Chief Counsel, Phoenix, by Spencer K. Johnston, Tucson, for respondents.

CAMERON, Chief Judge.

This is a writ of certiorari to review the lawfulness of an award and finding of the Industrial Commission of Arizona. The petitioner, Reynaldo B. Ronquillo, was injured in an industrial accident in May of 1962. He fell from a 15 foot retaining wall landing on his feet, and injuring both ankles and fracturing the left leg. He was

sential hypertension and the industrial incident at this time * * * it is felt that this man has sustained a permanent partial loss of the left leg amounting to 50%."

The Industrial Commission issued its finding and award for scheduled permanent disability 2 June 1965. Petition for re-hearing was timely filed and hearing was held 11 November 1965, at which time both the petitioner and fund were represented by counsel. Petitioner presented lay testimony of fellow employees which amply demonstrated his ability to work before the accident and his inability to work since the accident. Also presented was petitioner's testimony in this regard which indicated that he was unable to obtain employment because of his present 50% loss of function of the left leg as well as the hypertension. Dr. Schwartzman, while admitting that he was not an internist, stated:

"I don't think the accident is the cause of the persistent hypertension.

"Q  You think it might have aggravated it, but that the aggravation has now ceased?

"A  I believe so, yes. That was the ultimate opinion, and I think in Dr. Westfall's report even in February of 1965."

Dr. Westfall was also called and he testified that the high blood pressure was present before the accident. He stated further:

"It is true that the injury and undoubtedly the anxiety, etc., concerned with it * * * would aggravate this high blood pressure. The acute effects of the injury are over. Mr. Ronquillo, I believe, is on some sort of mild working status. He has high blood pressure which must be treated and continues to do so, but it cannot be considered that the acute effects are still present."

■■ It is apparent from the evidence that petitioner's hypertension predated the industrial injury, even though it had not become symptomatic or disabling prior to that time. Dr. Westfall stated:

"This must have been present, in my estimate, for at least two years, probably longer."

It is also apparent that the medical testimony which is controlling in a case of this kind, Lowry v. Industrial Commission, 92 Ariz. 222, 375 P.2d 572 (1962), is sufficient to reasonably support the Commission's findings that the industrial accident aggravated this preexisting hypertension. The medical testimony is also sufficient from which the Commission could find that the aggravating effects of the industrial injury have now passed and the injury itself has not resulted in any permanent disability (other than the 50% loss of function of the leg), although the petitioner argues earnestly (and quite logically) that the petitioner's present hypertension is at least in part the result of the industrial accident.

■ We feel, however, that this finding, though it may possibly be reasonably supported by the evidence, falls wide of the mark in deciding petitioner's problem. The question before the Commission is whether the preexisting hypertension standing alone is or was partially disabling to the petitioner at the time of the injury (23–1044, subsec. E, A.R.S.). If it is or was partially disabling before or at the time of the accident and continues to be so, this partial disability combined with the 50% loss of function to the left leg would operate to convert the award from a scheduled award to an unscheduled award. Goodyear v. Industrial Commission, 89 Ariz. 114, 358 P.2d 715 (1961).

■ In the instant case, disability to the leg combining with the partial disability of the preexisting hypertension (even though not symptomatic until the industrial accident) might well result in further or increased disability which must be compensated as an unscheduled award rather than a scheduled award.

236

It is noted that petitioner has also previously lost, by industrial accident, part of a finger. This matter was not raised and we do not herein consider whether this was or was not partially disabling.

The award is set aside.

DONOFRIO and STEVENS, JJ., concur.