[Civil No. 3932.   Filed April 4, 1938.]

[78 Pac. (2d) 140.]

## S. E. DAY, Jr., Appellant, v. T. H. FRAZER, Appellee.

Mr. Maurice Barth, for Appellant.

Mr. Don T. Udall, Mr. H. C. Denny and Mr. H. S. Glascock, for Appellee.

LOCKWOOD, J.—This is an appeal from a judgment of the superior court of Apache county dismissing an action. The sole question for our consideration is whether or not the court erred in sustaining a demurrer to the complaint on the ground the latter showed affirmatively there was another action pending

involving the same parties and issues. This requires a consideration of the complaint. It reads, so far as material to this appeal, as follows:

"II.

"That on or about the 1st day of April, 1935, and continuously for more than twenty years prior thereto, plaintiff was and had been in the lawful possession of those certain premises situate in the county of Apache, State of Arizona, and more particularly described as follows, to-wit:

"Lots three (3) and four (4) and the Southeast quarter (SE¼) of the Northwest quarter (NW¼) of Section fourteen (14) in Township twenty-six of Range thirty East of the Gila and Salt River Meridian, Arizona; containing one hundred five and ninety-hundredths acres together with improvements and appurtenances thereunto belonging and that at all times since the said 1st day of April, 1935, plaintiff has been and now is entitled to the possession of said premises herein described and each and every part and parcel thereof.

"III.

"That on the 16th day of March, 1935, in an action then pending in the Superior Court of the State of Arizona, in and for the County of Apache, wherein the defendant herein T. H. Frazer was plaintiff, and plaintiff herein S. E. Day, Jr. was defendant. The said Superior Court entered its judgment and decree in said action wherein the said Court adjudged and decreed that the said T. H. Frazer, defendant herein, was entitled to the possession of the premises hereinbefore described and entitled to have a decree of restitution of said premises by plaintiff herein to defendant herein.

"IV.

"That thereafter, and about the 16th day of March, 1935, the writ of restitution of said premises was issued out of said Court and placed in the hands of the Sheriff of the County of Apache for service; and thereafter, and about the 1st day of April, 1935, the said sheriff of the County of Apache did eject plaintiff herein from said premises; and that thereupon de-

fendant herein entered upon said premises herein-before described and each and every part and parcel thereof, and has ever since then occupied said premises and possessed the same and each and every part and parcel thereof.

"V.

"That on the 7th day of June, 1935, the Superior Court of the State of Arizona, in and for the County of Apache entered its order vacating and setting aside the judgment and decree hereinbefore mentioned which the said court had rendered and entered on the 16th day of March, 1935.

"VI.

"That on the 9th day of July, 1935, plaintiff demanded in writing of defendant the immediate possession of each and all and every part and parcel of the premises hereinbefore described; and defendant refused to deliver the possession of said premises to plaintiff and unlawfully detains and withholds from the possession of plaintiff said premises and each and all and every part and parcel thereof, and still refuses to deliver the possession of said premises or any part thereof to plaintiff."

Plaintiff filed a demurrer on the ground that "there is another action pending between the parties hereto for the same cause." The court considered the demurrer and sustained it, and thereafter the action was dismissed, whereupon this appeal was taken.

The question is whether the foregoing allegations sufficiently show another suit was pending involving the same parties and issues as the one before us. If it does, the demurrer was properly sustained. Section 3776, Rev. Code 1928.

The present case is a suit for the recovery of the possession of certain real property, and the issue is whether plaintiff or defendant herein is entitled to such possession. The complaint shows clearly that the action referred to in paragraph III, *supra,* was between the same parties, and the issue to be determined was also the possession of the same premises

as those involved in the present action. It further shows that a judgment was rendered in the previous action, taking the possession of the premises away from plaintiff herein and giving them to defendant, and that thereafter the superior court vacated and set aside such judgment. It is urged by plaintiff that there is no distinct and positive allegation that the previous suit is still pending. It is contended by defendant that since the complaint shows the previous case was filed and went to judgment, and since the setting aside of the judgment does not, in and of itself, terminate the action, but merely restores the case to its status before judgment was rendered, the reasonable presumption is that the case is still pending. We think the position of the defendant is the more reasonable one. It is the usual rule that a condition once shown to exist is presumed to continue until there is evidence to the contrary. 10 R. C. L. 872. Since the complaint shows affirmatively that a prior case had been filed which would be a bar to the present action until it was finally determined, and since it does not appear that it has ever been finally disposed of, we think the superior court properly sustained the demurrer. Such being the case, since there is no allegation that plaintiff requested leave to amend his complaint, the only thing which could be done was to dismiss the case.

The judgment of the lower court is affirmed.

McALISTER, C. J., and ROSS, J., concur.