278 P.2d 887

Garrett McKINNEY, Petitioner,

v.

The INDUSTRIAL COMMISSION of the State of Arizona, and B. F. Hill, F. A. Nathan, and A. R. Kleindienst, members of said The Industrial Commission of Arizona, Respondents.

No. 5962.

Supreme Court of Arizona.

Jan. 18, 1955.

Harold W. Price, Jr., Phoenix, for petitioner.

John R. Franks, Donald J. Morgan, Robert K. Park, Phoenix, and John F. Mills, Prescott, of counsel, for respondents.

WINDES, Justice.

Petition for review of an award of the Arizona Industrial Commission. The petitioner, Garrett McKinney, 46 years of age, while in the employ of a service station operator covered by the Workmen's Compensation Act, A.C.A.1939, § 56–901 et seq., suffered a sprained left ankle by accident arising out of and in the course of his employment. The injury was recognized as compensable. Subsequent to allowance for temporary disability, the commission found permanent disability to be 35 percent functional loss of the use of the left leg and awarded compensation for a scheduled permanent partial disability for 17½ months at $124.50 per month under the provisions of section 56–957(b) (15) and (21), A.C.A. 1939, hereinafter referred to as subdivision (b). Long prior to the injury involved herein, petitioner had when approximately eight years of age lost his right leg in a non-industrial accident. At the time of the injury he was gainfully employed with the use of an artificial limb. It is the position of petitioner that the award should have been calculated as a non-scheduled injury under the provisions of section 56–957(d), the pertinent portion of which is now designated as section 56–957(e), A.C.A. Supp.1954, Laws 1953, chapter 55, section 1, and which will be hereinafter referred to as subdivision (e). The problem thus presented is which subdivision of said section 56–957 should be used by the commission in calculating the compensation to which petitioner is entitled.

Section 56–957(e) reads as follows:

"In case there is a previous disability, as the loss of one eye, one hand, one foot, or otherwise, the percentage of disability for a subsequent injury shall be determined by computing the percentage of the entire disability and deducting therefrom the percentage of the previous disability as it existed at the time of the subsequent injury."

It will be observed that in using subdivision (b) the commission ignored any previous disability and awarded compensation for a scheduled injury without permitting the award to be influenced by the previous loss of the right leg. The commission's position is that since section 56–957 by its explicit provisions places in the non-scheduled category only those injuries which are not scheduled, subdivision (e) has no application. Our considered view is that such is not the proper interpretation of the entire section 56–957. We must of course find a purpose for each subdivision of the section. This court has held that in the event of multiple scheduled injuries occurring at the same time, our workmen's compensation law properly construed requires that such multiple injuries be removed from the schedule and be compensated by allowing for a non-scheduled disability calculated on a percentage basis. In other words, the extent of the disability is measured by the total effect upon earning power resulting from the multiple scheduled injuries. Ossic v. Verde Central Mines, 46 Ariz. 176, 49 P.2d 396. In arriving at its conclusion in the Ossic decision the court interpreted the language of what is now subdivision (e) for the purpose of gleaning from the compensation act the intention of the legislature in the event there should occur more than one scheduled injury at the same time. While in that case the court did not have multiple separate injuries to deal with, it did say that subdivision (e) explicitly provided that in the event of multiple injuries occurring at separate times, the matter was not to be treated as a scheduled injury but must be tested by the complete effect of both injuries.

We are unable to perceive how subdivision (e) can be ignored. It makes express provision for apportioning the percentage of disability chargeable to the employer for a subsequent disabling injury. By its terms special provision is made for this special situation. Under such conditions, subdivision (b) has no application. It is suggested that the prior loss of petitioner's right leg did not effect his earning power and there would be no percentage of disability to deduct from his present aggregate disability. It seems extremely unrealistic to say that a man whose sphere of employment is industrial labor has no loss of earning power by the loss of a leg, especially when subdivision (e) recognizes it as causing some disability. Under all the conditions it may be great or slight but there would be something, and that something must be determined by the commission from a consideration of all influencing factors.

The thought is advanced that possibly when the statute speaks of prior disability, prior industrial accident disability only is meant. We cannot agree with this. We cannot read the word "industrial" into the statute which merely mentions previous disability. Aluminum Co. of America v.

Industrial Commission, 61 Ariz. 520, 152 P.2d 297.

The award is set aside.

LA PRADE, C. J., and UDALL, PHELPS and STRUCKMEYER, JJ., concur.