318 P.2d 357

Clifford HURLEY, Petitioner,

v.

The INDUSTRIAL COMMISSION of Arizona, Respondent.

No. 6468.

Supreme Court of Arizona.

Nov. 19, 1957.

Pickrell, Hunter, Bartlett & Penn, Phoenix, for petitioner.

James D. Lester, Phoenix, for respondent. John R. Franks, Donald J. Morgan and Robert K. Park, Phoenix, of counsel.

UDALL, Chief Justice.

Petition for review of an award of respondent Industrial Commission, denying the injured workman any compensation. It is conceded that petitioner received an injury by accident arising out of and in the course of his employment, and that the employer's workers were covered by insurance with the State Fund. Standing alone the injury now complained of, even though there was no loss of earnings involved, would have been compensated as a scheduled injury; however, by reason of the chain of events, compensation in any amount was disallowed. Writ of certiorari issued.

The undisputed facts are these: Petitioner, Clifford Hurley—a 40-year-old ranch hand employed by .Orval Cook

Ranch—was first injured December 16, 1955, by steel fragments deflected into his eye while grinding an axe. The injury was held compensable, and based upon the testimony of Dr. J. Walter Larkin (D.O.), *permanent partial disability* was awarded February 20, 1956 on the basis of an 8.5% visual loss to the left eye. This award became final and proper payments as a scheduled injury were made thereon. On August 23, 1956, petitioner, while working for the same employer, was again injured during the course of his employment. This injury—being the one here involved—caused the traumatic amputation of the distal phalanx of petitioner's first finger of the right hand. Accident benefits were allowed. On January 9, 1957, respondent entered an award denying compensation based upon its finding, inter alia, that in effect the combination of the two permanent and otherwise scheduled disabilities constituted merely a general physical functional disability and that petitioner actually suffered no loss of earning capacity therefrom.

■ It is petitioner's contention the award should have been calculated as a scheduled injury under A.R.S. § 23–1044, subd. B. Petitioner concedes, however, a condition shown to exist in former proceedings between the same parties is presumed to continue until otherwise rebutted. Day v. Frazer, 51 Ariz. 474, 78 P.2d 140. However, he urges that this becomes an issue only at the time the Commission makes its final award in a matter involving the most recent injury. Petitioner further contends the presumption as to no change of condition was effectively rebutted in the instant case by the testimony of this same doctor, who on January 22, 1957 re-examined him and found that the visual disability *as of then* no longer existed. Dr. Larkin frankly testified he could not "give an opinion * * * that would be worth anything" when questioned as to whether or not the disability in the left eye existed at the time of the second injury on August 23, 1956.

The statute involved, A.R.S. § 23–1044, subd. E, states:

"In case there is a previous disability, as the loss of one eye, one hand, one foot or otherwise, the percentage of disability for a subsequent injury shall be determined by computing the percentage of the entire disability and deducting therefrom the percentage of the previous disability *as it existed at the time of the subsequent injury*." (Emphasis supplied.)

■ Petitioner having failed to carry the burden, which he properly concedes was his, of rebutting the presumption as to the first injury continuing to the time of the second injury, the Commission properly determined the compensability of the combined injuries under A.R.S. § 23–1044,

:subd. E, supra. Such is the effect of our interpretation of this statute in the following cases: Crowder v. Industrial Commission, 81 Ariz. 396, 307 P.2d 104; Morris v. Industrial Commission, 81 Ariz. 68, 299 P.2d 652; McKinney v. Industrial Commission, 78 Ariz. 264, 278 P.2d 887. See also Ossic v. Verde Central Mines, 46 Ariz. 176, 49 P.2d 396. We adhere to the principles therein enunciated and hold this determinative of the instant case.

There being no loss of earning capacity the award properly disallowed compensation.

Award affirmed.

WINDES, PHELPS, STRUCKMEYER and JOHNSON, JJ., concur.