484 P.2d 652

Reynaldo B. RONQUILLO, Petitioner,

v.

The INDUSTRIAL COMMISSION of Arizona, Respondent,

Martin Construction Company, Respondent Employer,

State Compensation Fund, Respondent Carrier.

No. 1 CA–IC 401.

Court of Appeals of Arizona, Division 1.

May 11, 1971.

Rehearing Denied July 12, 1971.

Review Granted Sept. 28, 1971.

Lawrence Ollason, Tucson, for petitioner.

William C. Wahl, Jr., Counsel, the Industrial Commission, Phoenix, for respondent.

No appearance for respondent employer.

Robert K. Park, Chief Counsel, State Compensation Fund, Phoenix by Dee-Dee Samet, Tucson, for respondent carrier.

KRUCKER, Chief Judge.

The case before us is a petition for a writ of certiorari from an award of the Industrial Commission of Arizona. The award here is the second award in the petitioner's case, the first award having been set aside in Ronquillo v. Industrial Commission, 5 Ariz.App. 233, 425 P.2d 135 (1967). The Industrial Commission has undertaken to determine the questions raised in Ronquillo v. Industrial Commission, supra. The results which it reached are here for review.

The factual situation briefly is that the petitioner suffered permanent partial injury to his left leg in a fall on his job in 1962. Upon examination at the time of this injury, a hypertension condition of the petitioner was discovered. Medical evi-

dence indicated that the hypertension exist-ed at the time of the 1962 injury and probably had for some period of time prior to that injury.[2] Further medical evidence was to the effect that the 1962 injury aggravated the hypertension condition but that by January of 1969 (the time of the petitioner's last examination in consultation) the aggravation had passed. In other words, the injury temporarily aggravated the hypertension, but was not doing so in January of 1969. There was no evidence of any symptoms of the hypertension prior to the 1962 injury.

There was also evidence of the petitioner's permanent partial disability of the right second finger in 1959, to an extent of 20 percent, caused by an industrial accident. The petitioner testified that this partially amputated finger gave him difficulty in cement finishing, bricklaying and ladder climbing. The petitioner's occupation prior to his injury was as a construction laborer.

The Industrial Commission awarded the petitioner benefits for 50 percent permanent disability of his left leg, a scheduled injury. A.R.S. § 23-1044, subsec. B(15). The findings of the Commission, dated December 26, 1969, were, among other things, that the petitioner suffered from pre-existing hypertension at the time of his 1962 injury, which hypertension was aggravated by that injury, but the aggravation was temporary and had passed as of the date of the findings; that the aggravation did not result in any permanent disability to the petitioner; that the hypertension was not disabling and did not affect the petitioner's earning capacity at the time of his 1962 injury; that the disability resulting from the loss of a part of petitioner's finger did not adversely affect his earning capacity at the time of the 1962 injury; and that the only permanent disability the petitioner has suffered as a result of the 1962 accident is a permanent partial disability equal to a 50 percent loss of function of his left leg.

■ Briefly put, the question here is whether there is sufficient evidence that petitioner had no previous disability at the time of his 1962 injury such as to require an unscheduled award under A.R.S. § 23-1044, subsec. E. Appellate review of the findings of fact in workmen's compensation cases in Arizona is limited to the question of whether the findings are reasonably supported by the evidence. Malinski v. Industrial Commission, 103 Ariz. 213, 439 P.2d 485 (1968); Wollum v. Industrial Commission, 100 Ariz. 317, 414 P. 2d 137 (1966). This court is limited further by the prior decisions of our Supreme Court in cases in which there were multiple injuries, particularly with regard to that court's definition of "previous disability." E. g., Wollum v. Industrial Commission, supra; Goodyear Aircraft Corp. v. Industrial Commission, 89 Ariz. 114, 358 P.2d 715 (1961); McKinney v. Industrial Commission, 78 Ariz. 264, 278 P.2d 887 (1955). That definition of "previous disability" requires that the condition which the injured party has at the time of the injury in question (the later injury) have an adverse effect on earning capacity.

■ First, in regard to the hypertension condition which was found to have existed at the time of the 1962 injury, there is evidence in the record to the effect that it did not adversely affect the petitioner's earning capacity at that time. There is no evidence that it did. The award here should not be set aside on this basis. Malinski v. Industrial Commission, supra.

As to the petitioner's loss of a finger in 1959, the evidence consisted of the petitioner's testimony as to his difficulties in cement finishing, bricklaying and ladder climbing, as well as to his earning capacity. Wollum v. Industrial Commission, supra, stated that where there was a previous industrial injury and award (the finger injury here), there is a presumption that the disability continued to the time of the second injury (the petitioner's leg injury

2. The origin of the hyptertension is not indicated by the record here, but it apparently was not industrial.

here). This presumption may be rebutted, according to the *Wollum* case, and was rebutted in the instant case by the petitioner's testimony on cross-examination. He testified that his finger bothered him a lot prior to his 1962 injury; that he could do the same work at that time but it took more effort; and that he could have earned more money by working harder if his finger hadn't bothered him, but that his income was about the same after the accident involving his finger as before that accident. This evidence reasonably supports the commission's finding that petitioner's finger injury did not adversely affect his earning capacity, so the award should not be set aside on that basis. Malinski v. Industrial Commission, supra. If more than one inference may be drawn from evidence before the commission:

> " '\* \* \* the Commission is at liberty to choose either, and this court will not disturb its conclusion unless it is wholly unreasonable. [Citations omitted]' " Malinski v. Industrial Commission, supra, 103 Ariz. at 217, 439 P.2d at 489.

The finger injury incurred prior to the leg injury here and the evidence in regard to its effect on petitioner's earning capacity is very similar to the situation revealed in the *Wollum* case, supra, with the exception of the fact that the instant finger injury was incurred industrially and the one in *Wollum* was not. While we believe that in both cases (*Wollum* and here) it could have been found that the finger injuries had adverse effects on the injured parties' earning capacities, the opposite inference is also possible and not wholly unreasonable, with the result that the award should not be set aside. In other words, the *Wollum* case seems to be controlling on this question.

As to whether the aggravation of the hypertension by the leg injury here was permanent or had passed, there is medical evidence which supports the findings of the commission that it had passed, as decided in the opinion in the earlier appellate procedure in this case. Ronquillo v. Industrial Commission, supra. As pointed out by the court in that decision, the medical evidence to that effect is controlling on the question here.

■ The petitioner contends that since he cannot work, the award here must be set aside. In other words, the petitioner urges that the conclusion of the doctors in the medical report resulting from petitioner's examination in consultation in January of 1969 is erroneous. It is the law in Arizona that medical opinion alone cannot be the basis for an award, but the medical opinion must be based on findings of medical facts by the doctor or doctors involved. Hemphill v. Industrial Commission, 91 Ariz. 322, 372 P.2d 327 (1962); McAllister v. Industrial Commission, 83 Ariz. 213, 319 P.2d 129 (1957). There is evidence in the record in the instant case which reasonably supports the doctors' conclusion as to the temporary nature of the aggravation of the hypertension. This evidence is located in the report of the consultation examination of January, 1969, and consists of the doctors' reported observation that the petitioner's blood pressure was lower, that his heart was much quieter with no ectopic beats, less intense murmurs and normal sinus rhythm, and that he had shown improvement.

■ It is the law in Arizona that where medical facts are clearly shown and the medical opinion as to causation of an injury based on these facts is in conflict with an inescapable legal conclusion, the legal conclusion will prevail. Murray v. Industrial Commission, 87 Ariz. 190, 349 P.2d 627 (1960). In the *Murray* case, the court was dealing with a distinction between medical cause and legal cause. The petitioner urges that the principle from the *Murray* case stated above requires that this court set aside the award. The *Murray* case is applicable to causation questions, which is not the type of question before us, so the award cannot be set aside for that reason.

Award affirmed.

**502**

HOWARD, J., and ALICE TRUMAN, Superior Court Judge, concur.

Note: This cause was decided by the Judges of Division Two as authorized by A.R.S. § 12–120, subsec. E.

Note: Judge JAMES D. HATHAWAY having requested that he be relieved from consideration of this matter, Judge ALICE TRUMAN was called to sit in his stead and participate in the determination of this decision.