490 P.2d 423

Reynaldo B. RONQUILLO, Petitioner,

v.

INDUSTRIAL COMMISSION of
Arizona, Respondent,

Martin Construction Company, Respond-
ent Employer,

State Compensation Fund, Respond-
ent Carrier.

No. 10593–PR.

Supreme Court of Arizona,
In Banc.

Nov. 11, 1971.

Rehearing Denied Dec. 7, 1971.

Lawrence Ollason, Tucson, for petition-
er.

Donald L. Cross, Former Chief Counsel
by William C. Wahl, Jr., Chief Counsel,
Phoenix, for respondent.

Robert K. Park, Chief Counsel, Phoenix,
by Dee-Dee Samet, Tucson, for respondent
carrier.

CAMERON, Justice.

Pursuant to Rule 47, subd. b, Rules of
the Supreme Court, 17 A.R.S. and § 12–
120.24 A.R.S., we granted a petition for
review of the decision of the Court of Ap-
peals reported in 14 Ariz.App. 499, 484
P.2d 652 (1971), which affirmed an award
of the Industrial Commission of Arizona
finding that the petitioner was entitled to
a "scheduled" award (§ 23–1044, subsec. A
and subsec. D A.R.S.), rather than an "un-
scheduled" award (§ 23–1044, subsecs. C,
D, and E A.R.S.).[1]

We are called upon to determine whether
a scheduled permanent partial disability
when considered with a prior industrially
related permanent partial scheduled injury
must result in an unscheduled award.

The facts necessary for a determination
of this matter are as follows. In 1959, pe-
titioner suffered an injury to his right
second finger which resulted in a finding
and award for a 20% permanent partial
disability. This award was issued and be-
came final in 1960.

1. This matter was decided under the law as it existed prior to 1 January 1969.

"In 1962, the petitioner suffered a second industrial injury to his left leg in a fall. There was a question of aggravated hypertension which was previously considered by the Court of Appeals and resulted in the award being set aside. See Ronquillo v. Industrial Commission, 5 Ariz.App. 233, 425 P.2d 135 (1967). After reconsideration by the Commission, the Commission issued its award and finding that the petitioner was entitled to a scheduled disability for a 50% loss of function of the left leg as a result of the 1962 injury. Petitioner brought a writ of certiorari to the Court of Appeals contending that because of the prior disability he should receive an unscheduled rather than a scheduled award. The Court of Appeals affirmed the Industrial Commission and we granted review.

In Wollum v. Industrial Commission, 100 Ariz. 317, 414 P.2d 137 (1966), we discussed a situation wherein a workman had a previous non-industrial injury consisting of an amputation of the distal phalanx of his left index finger. The fingertip had been amputated as the result of an injury suffered when petitioner Wollum was eight years old. He later suffered a 15% functional loss to the right leg and the Industrial Commission treated the award as scheduled rather than unscheduled. We stated in that opinion as follows:

"If multiple scheduled injuries are received at the same time, the Commission must determine the effect of the entire disability, removing them from the schedule and measuring the extent of disability by the total effect upon earning capacity. Ossic v. Verde Central Mines, 46 Ariz. 176, 49 P.2d 396. If two scheduled injuries are received at different times, and the first hearing resulted in an award, the Commission is directed to determine the entire disability as it exists after the second injury, removing them from the schedule, the presumption being that the condition shown to have existed in the former proceedings at the time of the first scheduled injury continued until the time of the second injury; in the absence of evidence to rebut this

presumption the Commission must determine compensation by measuring the extent of disability by the total effect on earning capacity. Hurley v. Industrial Commission, 83 Ariz. 178, 318 P.2d 357. "A.R.S. § 23-1044, subsec. E, in speaking of previous disability, does not require that such disability be the result of a prior "industrial accident, either scheduled or unscheduled. McKinney v. Industrial Commission, 78 Ariz. 264, 278 P.2d 887. But, if the prior disability arose through other than a prior industrial accident the presumption of continuing disability would not exist, and the prior disability must be shown to have affected earning capacity of the claimant at the time of the subsequent injury. Goodyear Aircraft Corporation v. Industrial Commission, 89 Ariz. 114, 358 P.2d 715." Wollum v. Industrial Commission, 100 Ariz. 317, 320, 321, 414 P.2d 137, 140 (1966).

█ There is an indication in the majority opinion of Wollum, supra, that a prior industrial injury resulting in a scheduled award raises only a presumption of a continuing disability and effect on the petitioner's earning capacity. We believe this is a misconception of the statute and the prior case law in this matter. It is correct that the case of Goodyear Aircraft Corporation v. Industrial Commission, supra, held that a previous partial loss of hearing not the result of an industrial injury could be disregarded if the evidence showed that the previous disability had no effect on earning capacity at the time of the subsequent injury. This does not mean, however, as the dicta in Wollum, supra, would suggest that where there is a prior industrially related disability the Commission may ignore the prior disability by finding that the prior disability had no effect on the workman's earning capacity at the time of the second injury.

█ In the instant case, the workman having received a prior scheduled 20% partial disability award, it was error to treat the second injury as a scheduled award.

We hold that where there is a prior scheduled industrially related injury, the Commission may not ignore the previous injury when the workman suffers a second industrial injury. Anything in Wollum, supra, to the contrary is by this opinion overruled. In the case of a prior non-industrially related injury which would have been a scheduled award had it been industrially related, there is a presumption that the prior injury had an effect on the earning capacity of the workman at the time of the second injury although this presumption can be overcome as it was in Wollum and Goodyear, supra.

Opinion of the Court of Appeals in 14 Ariz.App. 499, 484 P.2d 652 (1971) is vacated and the award of the Commission is set aside.

STRUCKMEYER, C. J., HAYS, V. C. J., and UDALL and LOCKWOOD, JJ., concur.