491 P.2d 21

Eddie L. DURON, Petitioner,

v.

The INDUSTRIAL COMMISSION of
Arizona, Respondent,

E. N. Basha et al. (Bashas),
Respondent Employer,

State Compensation Fund, Respond-
ent Carrier.

No. 1 CA–IC 593.

Court of Appeals of Arizona,
Division 1,
Department B.

Dec. 8, 1971.

Review Denied Feb. 22, 1972.

Lindauer & Revis, By William B. Revis,
Phoenix, for petitioner.

William C. Wahl, Jr., Chief Counsel
The Industrial Commission of Arizona,
Phoenix, Robert K. Park, Chief Counsel
State Compensation Fund, By R. Kent
Klein, Phoenix, for respondent carrier and
employer.

JACOBSON, Presiding Judge.

In this appeal by writ of certiorari this
court is presented with a single question:
Whether a prior industrially-related ac-
cident resulting in a functional loss of
25 per cent of the right ring finger, coupled
with an industrially-related 30 per cent
functional loss of the left leg, constitutes
an unscheduled [1] disability when there has
been no loss of earning capacity resulting
from the prior injury at the time of the
subsequent leg injury.

In February, 1961 the petitioner sustain-
ed an industrial injury to his right ring
finger, which resulted in the petitioner
receiving from the Industrial Commission
a scheduled award for a 25 per cent func-
tional loss of that finger. Some five years
later, on October 16, 1966, petitioner, then
a 45-year-old grocery store manager, step-
ped into a grease trap which was covered
by water and injured his ankle. As a
result of this injury, surgery was per-
formed on petitioner's left leg. The doc-
tor's final report rated petitioner's injury
as a 30 per cent loss of the left lower
extremity. On May 13, 1970, the Industrial
Commission entered its Findings and

---

1. "Unscheduled" refers to those injuries
falling within A.R.S. § 23–1044, subsec.
C while "scheduled" refers to those in-
juries enumerated under § 23–1044, sub-
sec. B.

Award, stating among other things, that the injury caused a 30 per cent loss of the left leg, a scheduled disability under A.R.S. § 23–1044, subsec. B. A petition for a hearing was timely filed by petitioner and at the hearing held on August 27, 1970, petitioner contended that he was entitled to have his leg disability rated as an unscheduled injury because of his previous scheduled award by virtue of A.R.S. § 23–1044, subsec. E. The parties stipulated that at the time of the leg injury the petitioner had had no loss of earning capacity resulting from the February 3, 1961 injury to his finger. The final award held that petitioner did not sustain an unscheduled disability as a result of the leg injury and petitioner has appealed from this adverse decision.

Petitioner contends that he is entitled to have his leg injury classified as an unscheduled disability by reason of A.R.S. § 23–1044, subsec. E, because his previous scheduled disability raises a conclusive presumption of loss of earning capacity. Petitioner maintains that only in cases involving prior non-industrial injuries does the Industrial Commission determine whether there is an actual loss of earning capacity from the prior injury in order to determine whether the subsequent injury will be treated as unscheduled.

A review of the Arizona Supreme Court cases prior to the recent decision of Ronquillo v. Industrial Commission, 107 Ariz. 542, 490 P.2d 423 (filed Nov. 11, 1971) which have interpreted A.R.S. § 23–1044, subsec. E would not support petitioner's contention. A.R.S. § 23–1044, subsec. E, states:

"In case there is a *previous disability*, as the loss of one eye, one hand, one foot or otherwise, the percentage of disability for a subsequent injury shall be determined by computing the percentage of the entire disability and deducting therefrom the percentage of the previous disability as it existed at the time of the subsequent injury." (Emphasis added.)

The phrase "previous disability" has been judicially defined to mean a disability which results in a loss of earning capacity, either industrially or non-industrially related. McKinney v. Industrial Commission, 78 Ariz. 264, 278 P.2d 887 (1955). Under proper circumstances, an employee who has suffered a previous injury which results in a loss of earning capacity, whether arising out of the course of employment or not, can upon occurrence of a subsequent industrially-related scheduled injury qualify under the unscheduled section. However, to so qualify, the Industrial Commission must determine that at the time of the subsequent injury the previous disability caused a loss of earning capacity. Goodyear Aircraft Corp. v. Industrial Commission, 89 Ariz. 114, 358 P.2d 715 (1961). In *Goodyear,* the employee's prior hearing loss, which was not occasioned by an industrial injury, did not affect his earning capacity at the time of the subsequent scheduled injury. The court in holding that § 23–1044, subsec. E did not require the Commission to make an unscheduled award, stated:

"[W]e find that 'previous disability' as referred to in § 23–1044, subsec. E, A.R.S., refers to previous disability which affected earning capacity at the time of the subsequent injury. The entire consideration in the nonscheduled category is a loss of earning capacity consideration." 89 Ariz.App. at 118, 358 P.2d at 717.

Having ascertained that "previous disability" refers to a disability resulting in loss of earning capacity, the Arizona case law prior to *Ronquillo, supra,* established that certain rebuttable presumptions concerning this loss of earning capacity arise depending upon whether the injury giving rise to the previous disability was industrially or non-industrially related. If the previous injury was industrially re-

lated, because of the presumptive effect that A.R.S. § 23–1044, subsec. B scheduled injuries affect earning capacity, there was a presumption that loss of earning capacity continues until the time of the second injury. Wollum v. Industrial Commission, 100 Ariz. 317, 414 P.2d 137 (1966). However, such a presumption was rebuttable. Hurley v. Industrial Commission, 83 Ariz. 178, 318 P.2d 357 (1957); Morris v. Industrial Commission, 81 Ariz. 68, 299 P.2d 652 (1956).

On the other hand, if the previous injury was non-industrially related, no such presumption existed and the burden rested on the employee to show that in fact a loss of earning capacity has resulted from this previous injury. *Wollum, supra.*

■ Thus, under the case law of this state prior to *Ronquillo, supra,* the "combining effect" of A.R.S. § 23–1044, subsec. E can come into play only if the "previous disability" affects the loss of earning capacity. As we have recently pointed out, however, such a "combining effect" can result in an unscheduled injury only if the totality of the combination of injuries results in an injury which is in the unscheduled category. *See* Rodgers v. Industrial Commission, 15 Ariz.App. 329, 488 P.2d 685 (1971).

■ This brings us to the recent decision of Ronquillo v. Industrial Commission, *supra. Ronquillo* is, in our opinion, controlling in this case.[2] In the *Ronquillo* case, the claimant suffered an industrially-related scheduled injury. He subsequently suffered an industrial injury, which if it had been his first industrial injury,

would have been in the scheduled category. The Supreme Court held:

"*  *  * that where there is a prior scheduled industrially related injury, the Commission may not ignore the previous injury when the workman suffers a second industrial injury."

The court went on to hold:

"In the case of a prior non-industrially related injury which would have been a scheduled award had it been industrially related, there is a presumption that the prior injury had an effect on the earning capacity of the workman at the time of the second injury although this presumption can be overcome  *  *."

It is thus apparent that *Ronquillo* has the effect of raising the presumption of loss of earning capacity arising from an industrially-related scheduled injury to the *conclusive* status and raising non-industrially-related injuries to that status previously occupied by industrial injuries, that is, presumptively causing loss of earning capacity which is rebuttable.

Thus, under the mandate of *Ronquillo,* this court must ignore the stipulated fact that petitioner suffered no loss of earning capacity as a result of his prior industrial injury and treat his second industrial injury as unscheduled for which compensation is to be awarded on the basis of loss of earning capacity. We must also, in the future, ignore the claimant whose second scheduled industrial injury results in no loss of earning capacity by awarding him nothing.

Award set aside.

HAIRE and EUBANK, JJ., concur.

---

2. It would be hard to find a case so exactly on "all fours" with the present case. As here, in *Ronquillo*, the prior industrial injury which resulted in a scheduled award was to a finger on the right hand, the subsequent industrial injury was to the left leg. .