506 P.2d 274

**HOLLYWOOD CONTINENTAL FILMS and Fireman's Fund American Insurance Company, Petitioners,**

v.

**The INDUSTRIAL COMMISSION of Arizona, Respondent,**

**Lee M. Stockwell, Respondent Employee.**

**No. 1 CA–IC 742.**

Court of Appeals of Arizona, Division 1, Department B.

Feb. 20, 1973.

Rehearing Denied March 13, 1973.

Review Denied April 10, 1973.

Bernard I. Rabinovitz, Tucson, for petitioners.

William C. Wahl, Jr., Chief Counsel, Phoenix, The Industrial Commission of Arizona, for respondent.

Lawrence Ollason, Tucson, for respondent employee.

JACOBSON, Chief Judge, Division 1.

In this case we are asked to determine whether the principles of law enunciated in Ronquillo v. Industrial Commission, 107 Ariz. 542, 490 P.2d 423 (1971), control in a case arising prior to the rendition of that opinion.

On October 29, 1969, the respondent, Lee M. Stockwell, suffered an injury to his right leg arising out of and in the course of his employment with petitioner, Hollywood Continental Films. There appears to be no dispute that this injury, if it were the respondent's first industrial injury, would have been compensated under A.R.S. § 23–1044, subsec. B (1969) as a scheduled injury.

However, prior to October 29, 1969, the injured workman had received several industrial injuries consisting of the loss of the first joint of a finger on his left hand, a back injury which under the law of the jurisdiction where it occurred was a rated injury, an elbow injury resulting in a fifteen per cent permanent partial disability to the left arm, and most recently, in Tucson, Arizona, an injury to his right hand resulting in a ten per cent permanent disability to that hand.

On June 23, 1971, a hearing was held before a hearing officer to determine whether the workman's injuries should be compensated under the scheduled category (A.R.S. § 23–1044, subsec. B) or unscheduled category (A.R.S. § 23–1044, subsec. C.) Testimony at this hearing, pursuant to the previous Arizona Supreme Court decision in Wollum v. Industrial Commission, 100 Ariz. 317, 414 P.2d 137 (1966), centered primarily upon whether the presumption that the last scheduled injury should be treated as unscheduled was rebutted by evidence showing that no loss of earning capacity resulted from the prior industrially related scheduled injury.

The hearing officer found that the prior industrially related scheduled injury did result in a loss of earning capacity and, therefore, the last injury must be compensated as unscheduled under A.R.S. § 23–1044, subsec. C. This finding was adopted by an award of the Industrial Commission on November 8, 1971.

On November 11, 1971, the Arizona Supreme Court rendered its decision in Ronquillo v. Industrial Commission, *supra,* which overruled *Wollum, supra,* and held:

"We hold that where there is a prior scheduled industrially related injury, the Commission may not ignore the previous injury when the workman suffers a second industrial injury. Anything in *Wollum, supra,* to the contrary is by this opinion overruled." 107 Ariz. at 544, 490 P.2d at 425.

This court has held that *Ronquillo, supra,* has the effect of raising a conclusive presumption that where an industrially related scheduled injury is followed by a second industrial injury, the second injury must be treated as unscheduled. Duron v. Industrial Commission, 16 Ariz.App. 71, 491 P.2d 21 (1971).

Petitioners first contend that the evidence before the hearing officer does not support the conclusion that the workman sustained a loss of earning capacity from his prior industrially related scheduled injury, and second, that *Ronquillo, supra,* is not to be given retroactive effect. Since we are of the opinion that the second contention is controlling in our determination of this matter, we need not discuss the first.

The common law rule as to what effect must be given a decision which overrules earlier decisions is aptly stated in O'Malley v. Sims, 51 Ariz. 155, 75 P.2d 50 (1938):

"The general principle is that a decision of a court of supreme jurisdiction overruling a former decision is retrospective in its operation, and the effect is not that the former decision is bad law, but that it never was the law.

\*      \*      \*      \*      \*      \*

"Without attempting to deal exhaustively with the subject, it may be said that, generally speaking, courts adhering to the rule that a later decision operates retrospectively, have created the following exceptions: (1) Where contracts have been entered into in reliance upon a legislative enactment as construed by the earlier decisions. (2) Where a legis-

lative enactment has been declared valid by earlier decisions, and contracts have been entered into in reliance upon the statute and decisions . . . ." 51 Ariz. at 160–161, 75 P.2d at 52–53.

■ Petitioners intimate that they fall within the first exception, indicating that the insurance carrier has entered into a contract of insurance with the employer based upon rates actuarially computed by application of the prior law. We are of the opinion that this simply won't wash for two reasons. First, *Ronquillo, supra,* does not purport to affect contractual rights between an insurance carrier and its insured, but rather the rights of an injured workman to obtain compensation. While this right to obtain compensation may affect a contract of insurance covering that compensation, the effect is too tenuous, in our opinion, to fall within the exception noted in O'Malley v. Sims, *supra.* Secondly, even under the prior law the second scheduled injury was presumed to be unscheduled if the preceding scheduled injury was industrially related. The record fails to disclose evidence that this actuarial possibility was considered and applied in the rate-setting process by the insurance carrier on this insurance contract.

■ The petitioners lastly contend that only the court which overruled the prior law can declare whether its decision shall be applied retroactively. In our opinion, petitioners have misconstrued this principle, the correct rule being that the court overruling the prior decision *may* declare whether the decision shall be given *prospective* effect only. *See,* City of Tempe v. Del E. Webb Corp., 14 Ariz.App. 228, 482 P.2d 477 (1971); Southern Pac. Co. v. Cochise County, 92 Ariz. 395, 377 P.2d 770 (1963); Arizona State Tax Commission v. Ensign, 75 Ariz. 376, 257 P.2d 392 (1953).

■■ The Arizona Supreme Court, having failed to declare that the effect of the *Ronquillo, supra,* decision was to be given prospective effect only, under principles of common law we must apply that decision to the facts in this case, which results in

holding the injured workman's injury to be unscheduled.

Accordingly, the award of the Industrial Commission is affirmed.

. EUBANK, P. J., and HAIRE, J., concur.