507 P.2d 133

**Wayne A. WAKLEY, Petitioner,**

v.

**The INDUSTRIAL COMMISSION of Arizona, Respondent,**

**Stearns–Roger Corporation, Respondent Employer,**

**Hartford Accident & Indemnity Company, Respondent Carrier.**

**No. I CA–IC 737.**

Court of Appeals of Arizona,
Division 1,
Department A.

March 13, 1973.

Davis & Eppstein, by Robert W. Eppstein, Tucson, for petitioner.

William C. Wahl, Chief Counsel, Industrial Commission of Arizona, Phoenix, for respondent.

O'Conner, Cavanagh, Anderson, Westover, Killngsworth & Beshears, by Donald L. Cross, Phoenix, for respondent carrier.

OGG, Judge.

Wayne A. Wakley, the petitioner, was involved in two separate accidents. At the time of the first accident in 1969 he was awarded a 25% scheduled impairment of the right leg. At the time of his second accident in 1970 he was awarded a 10% scheduled impairment to his left leg. There are two questions presented to us in this case:

1. When a workman has received a 25% disability rating to his right leg in an industrial accident and thereafter receives a 10% disability to his left leg in a separate industrial accident, is he entitled to an unscheduled (general) disability rating rather than two separate scheduled disability ratings?

■ The Arizona Supreme Court decision of Ronquillo v. The Industrial Commission, 107 Ariz. 542, 490 P.2d 423 (1971) had not been rendered at the time of the Hearing Officer's decision and the review by the Commission in this case. In Ronquillo the Arizona Supreme Court ruled that when a workman receives a scheduled disability rating and later has another industrial accident he must receive an unscheduled (general) disability rating rather than two separate scheduled. disability ratings. The doctrine of Ronquillo, supra, has been followed in Duron v. The Industrial Commission, 16 Ariz.App. 71, 491 P.2d 21 (1971); Bearup v. The Industrial Commission, 16 Ariz.App. 121, 491 P.2d 844 (1971); Hollywood Continental Films v. The Industrial Commission, 19 Ariz. App. 234, 506 P.2d 274 (1973). The Ronquillo decision, under a similar fact situation, governs the law of this case.

2. The second question presented in this appeal is whether or not Ronquillo, supra, applies retrospectively to this case.

■ The rule in Ronquillo, supra, has already been given a retrospective application in Duron, supra, Bearup, supra, and Hollywood Continental Films, supra. We find that the Ronquillo doctrine is not limited to prospective application and applies to this case.

The award of The Industrial Commission is set aside.

DONOFRIO, P. J., and STEVENS, J., concur.