707 P.2d 967

Raul TYRRELL, Petitioner,

v.

The INDUSTRIAL COMMISSION OF ARIZONA, Respondent,

Rite Way Ventilating Company, Respondent-Employer,

State Compensation Fund, Respondent-Carrier.

No. 1 CA–IC 3236.

Court of Appeals of Arizona, Division 1, Department D.

June 18, 1985.

Reconsideration Denied Aug. 7, 1985.

Review Denied Oct. 22, 1985.

Tretschok, McNamara & Clymer, P.C. by Brian I. Clymer, Tucson, for petitioner.

Sandra Day, Chief Counsel, The Industrial Commission of Arizona, Phoenix, for respondent Industrial Comm. of Arizona.

Robert K. Park, Chief Counsel, State Compensation Fund, by W. Smith Michael, Jr., Tucson, for respondent-carrier and respondent-employer.

## OPINION

MEYERSON, Presiding Judge.

This case presents a previously unconsidered application of *Ronquillo v. Industrial Commission,* 107 Ariz. 542, 490 P.2d 423 (1971). Petitioner Raul Tyrrell contends that respondent State Compensation Fund cannot invoke the *Ronquillo* rule against his wishes and thereby deny him the benefit of having his second industrial injury treated as a scheduled injury. Despite our concern that the application of *Ronquillo* under the facts of this case deprives petitioner of a statutory compensation benefit, we nevertheless conclude that *Ronquillo* forecloses petitioner's position. *See generally* R. Gottsfield, *Workmen's Compensation-Conversion of Scheduled Award to Unscheduled,* 6 Ariz. Bar J. 16 (March 1971).

In 1976, Tyrrell received a scheduled permanent disability award of ten percent loss of his second finger of the right hand (Tyrrell suffered no actual earning disability). In 1981, while working for a different employer, Tyrrell suffered an injury to his right eye. The parties stipulated that his uncorrected vision would rate a ninety-seven percent impairment. Tyrrell was able to return to his job with the same company with no loss of earning (actually Tyrrell's pay increased which was attributed to inflation). Tyrrell's claim for worker's compensation benefits was accepted and subsequently closed by the carrier without permanent disability. Tyrrell requested a hearing seeking to have the eye injury treated as a scheduled impairment.

Applying *Ronquillo,* the administrative law judge concluded that the first disability "unscheduled" the second industrial injury, thereby requiring Tyrrell to demonstrate a reduction in his earning capacity. Because Tyrrell's earnings had not diminished, he probably would not be able to demonstrate any loss of earning capacity and would therefore receive no compensation for the second industrial injury to his eye.

Tyrrell contends that no previous appellate decision has invoked the *Ronquillo* presumption against the wishes of the injured worker so as to deny him any compensation benefits for his permanent disability. We, too, have been unable to find any such decision. *But cf. Hurley v. Industrial Commission,* 83 Ariz. 178, 318 P.2d 357 (1957) (worker suffering no loss of earning capacity after second industrial injury failed to rebut the *Ronquillo* presumption that the first industrially-related scheduled injury disability continued, thus requiring second injury to be unscheduled). Nevertheless, because *Ronquillo* has been consistently applied so as to require the conclusive presumption of which Tyrrell complains, *see, e.g., Cementation Co. v. Industrial Commission,* 140 Ariz. 50, 680 P.2d 186 (App.1984), we believe it is up to the Arizona Supreme Court to consider any modification to the *Ronquillo* rule.

The court's decision in *Ronquillo* was based upon the salutary objective of compensating the injured worker for the typical situation in which the combined effect of two injuries reduces earning capacity more than the "sum" of each injury treated separately. But applying its conclusive presumption may bring about the negative consequence of depriving the injured worker of the benefit of the legislative determination that certain scheduled injuries are also conclusively presumed to reduce earning capacity. This failing in the *Ronquillo* presumption was foreshadowed by this court in *Duron v. Industrial Commission,* 16 Ariz.App. 71, 491 P.2d 21 (1971). In that case, we noted that under *Ronquillo,* "[w]e must also, in the future, ignore the claimant whose second scheduled injury results in no loss of earning capacity by awarding him nothing." *Id.* at 73, 491 P.2d at 23.

Tyrrell contends that the option to invoke the *Ronquillo* presumption is an extension of the most favorable remedy rule. This rule applies within the schedule to permit the highest recovery. *See Camis v. Industrial Commission,* 4 Ariz.App. 312, 420 P.2d 35 (1966). Some jurisdictions have extended the most favorable remedy rule to allow an option to receive a scheduled as opposed to unscheduled disability. *See, e.g., Graham v. Industrial Commission,* 93 Ill.2d 54, 66 Ill.Dec. 345, 442 N.E.2d 906 (1982); *Turner v. Jones & Laughlin Steel Corp.,* 479 Pa. 618, 389 A.2d 42 (1978).

The common feature to these applications of the most favorable remedy rule is that the statutory scheme provides parallel benefits. *See* 2 A. Larson, *Workmen's Compensation Law* §§ 58.23,–.25 (1983). Tyrrell asserts that this condition is satisfied because the schedule applies to a permanent eye impairment. This argument, however, ignores A.R.S. § 23–1044(E). Under this section, the existence of a prior scheduled injury requires that as a matter of law the succeeding injury be treated as unscheduled. *See Van Sickle v. Industrial Commission,* 121 Ariz. 115, 588 P.2d 857 (App.1978). Thus, under such circumstances, it cannot be said that Arizona law applies parallel remedies.

For the foregoing reasons, the award is affirmed.

GRANT, J., concurs.

HAIRE, Judge, specially concurring,

I concur in the result reached by the majority. The majority implies, however, that requiring the second scheduled injury to be treated as unscheduled is unfavorable to a claimant and that such a requirement is subject to change by court decision under the Arizona statutory scheme. I disagree on both counts.

First, while the immediately available "up front" dollars flowing from a scheduled classification have the appearance of being the remedy most favorable to this particular claimant, a scheduled classification would have the result of precluding the reopening and the awarding of future benefits based upon actual loss of earning capacity should the claimant's industrial impairments in the future result in an actual earning capacity loss. Such an earning capacity loss would result in compensation benefits far exceeding the limited amount now available as a result of a scheduled award.

Additionally, in my opinion the result we reach is statutorily required and should not be subject to judicial change. Commencing with *Ossic v. Verde Central Mines,* 46 Ariz. 176, 49 P.2d 396 (1935), and continuing in numerous subsequent decisions, the Arizona Supreme Court has consistently, and correctly, interpreted A.R.S. § 23–1044(E) as requiring that a scheduled industrial injury be treated as unscheduled when disability resulting from a previous injury continues to exist. Under A.R.S. § 23–1044(B), the disability resulting from an industrial injury which is scheduled is statutorily deemed to result in "permanent partial disability." Therefore, when § 23–1044(B) is considered in conjunction with § 23–1044(E), there is a statutory requirement that under the facts of this case claimant's injury be classified as unscheduled.

For the above reasons, I concur in the result.