578 P.2d 602

John W. GATES, Petitioner,

v.

The INDUSTRIAL COMMISSION of Arizona, Respondent,

Lanoria Cattle Company, Respondent Employer,

The Home Insurance Company, Respondent Carrier.

John W. GATES, Petitioner,

v.

The INDUSTRIAL COMMISSION of Arizona, Respondent,

Heady-Ashburn Ranch, Respondent Employer,

State Compensation Fund, Respondent Carrier.

No. 13479–PR.

Supreme Court of Arizona, In Banc.

April 25, 1978.

Davis, Eppstein & Tretschok by Robert W. Eppstein, Tucson, for petitioner.

John H. Budd, Jr., Chief Counsel, The Industrial Commission of Arizona, Phoenix, for respondent.

Everett, Bury & Moeller, P. C. by J. Michael Moeller and Dan A. Sinema, Tucson, for respondent Employer Lanoria Cattle Co. and respondent Carrier The Home Ins. Co.

Robert K. Park, Chief Counsel, State Compensation Fund, Phoenix, by George B. Morse, Tucson, for respondent Employer Heady-Ashburn Ranch and respondent Carrier State Compensation Fund.

CAMERON, Chief Justice.

This is a petition for review of an opinion of the Court of Appeals, Division One, in two Industrial Commission matters involving different and successive industrial injuries to the same workman.

We must answer three questions:

1. Was the first injury scheduled or unscheduled?
2. Should *All Star Coach v. Industrial Commission*, 115 Ariz. 335, 565 P.2d 515 (1977) be applied retroactively?
3. Should the Commission have granted petitioner's motion to consolidate for the purposes of apportionment?

The facts necessary for a determination of this matter are as follows. Petitioner, John W. Gates, was first injured on 1 May 1966 and his case closed on 18 May 1967 with an award for a scheduled permanent disability equal to 25% loss of function to the second finger of the right hand. On 13 December 1972, the Commission granted a petition to reopen the first injury on the basis of a new or previously undiscovered disability or condition. On 17 December 1975, the first injury was again closed with a scheduled 30% functional loss to the right arm.

On 25 August 1971, petitioner sustained an injury to his left arm which resulted in a scheduled disability of 5% to the left arm. This matter was closed on 4 December 1972 and became final. No further action was taken in regard to this injury.

On 3 January 1972, petitioner suffered a third injury to the ring finger of his left hand. On 10 February 1975, the third injury was closed as a scheduled injury.

Ignoring the reopening of the first injury and the scheduled award of 17 December 1975, it appears that each award was closed in the same order as the occurrence of the injuries. Petitioner, however, after the closing of the second injury and while the third injury was pending, petitioned to re-open the first injury which was granted.

Petitioner brought a timely request for hearing on the first and third injuries contending that although the third injury was properly closed as a scheduled award, the first injury should have closed as an unscheduled rather than a scheduled injury. The petitioner also asked for a consolidation of the two matters for purposes of apportionment. The motion for consolidation was denied and the petition for review before the Commission stated:

"Applicant's contention is simply this: Either the date of happening of successive scheduled accidents, or the date of closing of cases of successive scheduled accidents, one or the other, is the determining factor in *which* one becomes unscheduled. The law was one way *before* the *All Star Coach* case, and another way after.

"*Whichever* way it is, there seems to be an apportionment situation, under the holdings of *Morrison–Knudsen v. Industrial Commission*, I CA–IC 1252, filed June 15, 1976 [27 Ariz.App. 1, 550 P.2d 648] * * *."

Although the petition to consolidate was denied, the two Petitions for Special Action-Industrial Commission were consolidated for disposition by the Court of Appeals.

### SHOULD THE FIRST INJURY BE SCHEDULED OR UNSCHEDULED?

In *Ronquillo v. Industrial Commission*, 107 Ariz. 542, 490 P.2d 423 (1971), we held that where an employee had received a prior scheduled industrial injury, a second industrial injury which would have been scheduled is to be compensated as unscheduled (§ 23–1044 C & D) and not as a second scheduled injury under subsection B of § 23–1044. Following *Ronquillo*, the Court of Appeals in a split decision in *All Star Coach, Inc. v. Industrial Commission*, 26 Ariz.App. 3, 545 P.2d 965 (1976), held that when two successive injuries which would, standing alone, result in a scheduled

injury, the date of the closing of the claim rather than the date of the injury should be controlling. In other words, in determining which injury would be treated as unscheduled, the Court of Appeals held that a prior injury, if it is closed after the second injury, would be the unscheduled injury if the second scheduled injury was closed first. It was this opinion in *All Star Coach* by the Court of Appeals that petitioner referred to in his petition for review before the Commission. Both the attorney for the petitioner and the referee agree that but for reasoning as exemplified in the Court of Appeals opinion in *All Star Coach*, supra, the second and third injuries would have closed as unscheduled injuries.

We disagreed with the Court of Appeals and on review of the Court of Appeals opinion stated:

" * * * In order to preserve the language of A.R.S. § 23–1044(E) and avoid the 'race to close' problems which are inevitable if the Industrial Commission's award were upheld [footnote omitted], we hold that when a subsequent scheduled industrial injury becomes stationary before a previous scheduled industrial injury, the Commission shall hold the subsequent injury open until the first injury becomes stationary. In the case before us, the hand injury award is void under the law as we declare it today. That injury should not have been closed until the previous injury became stationary and the percentage of disability determined. When both injuries are stationary, in this case and in the future, the prior injury should be closed according to A.R.S. § 23–1044(B) and the subsequent injury should be closed with an award under A.R.S. § 23–1044(E). Although this resolution will obviously delay the final award for the subsequent injury, we wish to avoid any interpretation of A.R.S. § 23–1044(E) which would do violence to the statutory mandate that such unscheduled awards be predicated on the presence of a 'previous disability'." 115 Ariz. at 337–38, 565 P.2d at 517–18.

In the instant case, the first injury resulted in an injury that, standing alone, was scheduled. The injury being first in time, it remains scheduled, according to our opinion in *All Star Coach*, supra. The award of the Industrial Commission in case No. I CA 2/W–03–59, Carrier Claim No. BD 17302, the first injury, is affirmed.

## RETROACTIVITY OF ALL STAR COACH

The opinion of the Court of Appeals in this case has indicated that to apply our opinion in *All Star Coach* retroactively would be a violation of petitioner's property rights. The Court of Appeals stated:

"Likewise, if we were to literally follow *All Star Coach* in this case, we would also be guilty of denying due process to the parties by taking away from them property interests represented by the injury number two award and the injury number three award, against the wishes of the parties and without our jurisdiction being invoked to do so. Because of our lack of subject matter jurisdiction over injury number two and our jurisdiction not having been invoked to hold injury number three award void, we simply cannot reach the result required by the Supreme Court's opinion in *All Star Coach*." Ariz.App., 578 P.2d 607, 611 (1977). We do not agree.

Our opinion in *All Star Coach*, supra, did not change the law that for the purposes of considering which injury will be scheduled and which injury will be unscheduled, the date of the injury is controlling and not the date of the award. The Court of Appeals opinion was held by this court to be an incorrect application of existing law. As the dissent by Judge Wren in the opinion of the Court of Appeals stated:

"I cannot agree with the majority's interpretation of A.R.S. § 23–1044 E. The words 'subsequent injury' have now been amended to read 'subsequent award'. How can it be asserted that such a strained construction was within the 'intent of the legislature'? The plain, unambiguous words of the statute provide

that where there is a previous disability, 'the percentage of disability for a *subsequent injury* shall be determined by computing the percentage of the entire disability and deducting therefrom the percentage of the previous disability *as it existed at the time of the subsequent injury*.' (Emphasis added.) In my view, such language mandates that only the second injury *in time* may be treated as the unscheduled injury. Had the Legislature intended the result reached by this Court, it could easily have provided that the time of the award, rather than the injury, be determinative of which of two successive injuries would be treated as unscheduled." *All Star Coach v. Industrial Commission*, supra, 26 Ariz.App. at 5, 545 P.2d at 967.

As far as determining which of two awards is scheduled and which is unscheduled, our opinion in *All Star Coach*, supra, added nothing new to the law. There is no property or due process violation in the holding that the first injury resulted in a scheduled award.

If our opinion in *All Star Coach* did in fact change existing law or property or procedural rights, it was in regard to the statement that a second injury award, if made before a first injury award, would be void. As to that holding we clearly indicated in the opinion that it would have prospective application only:

"  *   *   *  In the case before us, the hand injury award is *void under the law as we declare it today*. That injury should not have been closed until the previous injury became stationary and the percentage of disability determined. When both injuries are stationary, *in this case and in the future*, the prior injury should be closed according to A.R.S. § 23–1044(B) and the subsequent injury should be closed with an award under A.R.S. § 23–1044(E). *   *   * " 115 Ariz. at 337–38, 565 P.2d at 517–18. (Emphasis supplied)

■ The decision holding the second injury award void was not based on any lack of jurisdiction to act. All we said in *All Star Coach* was that if a second injury

was closed before a first injury, the first award (second injury) was void. The proper method is and was to close the cases in the order of the injuries. In the case where the prior injury is reopened, an otherwise valid and properly entered second injury award is not voided. In the instant case, the first injury was closed before the second injury was closed. The second injury award was not rendered void by the petition to reopen. As to the third injury award, it was entered after the first injury award but while the first injury award had reopened. Were we to apply our decision as to voidness retroactively, the third injury award would have been void. Since we did not, as stated in our opinion, the award was not void and the petitioner, having elected to let the award stand, though admittedly upon reliance of an incorrect interpretation of the law, it will not be set aside. The award in I CA–IC 1647, the third injury, is affirmed.

## APPORTIONMENT

■ The petitioner, relying upon the Court of Appeals opinion of *Morrison–Knudsen Company v. Industrial Commission*, 27 Ariz.App. 1, 550 P.2d 648 (1976), petitioned the Industrial Commission to consolidate injuries one and three for the purposes of apportionment. After this petition, this court vacated the Court of Appeals opinion in *Morrison–Knudsen Co., Inc.*, supra, stating:

"In other cases where there have been two or more causes of injury, the second injury has taken the form of an aggravation of a pre-existing injury. Although the second injury would have been less severe in the absence of the prior injury, the second employer is held to be solely responsible. This is for the reason, as we said in *Murray v. Industrial Commission*, 87 Ariz. 190, 349 P.2d 627 (1960):

" ' *   *   *  In the law of torts, it is said that the tortfeasor is not entitled to a perfect specimen upon which to inflict injury. Likewise, in the field of Workmen's Compensation, the employer takes his employee as he is. In legal contem-

plation, if an injury operating on an existing bodily condition or predisposition produces a further injurious result, that result is caused by the injury.' 87 Ariz. at 199, 349 P.2d at 633. And see *Tatman v. Provincial Homes*, 94 Ariz. 165, 382 P.2d 573 (1963); *Mead v. American Smelting & Refining Co.*, 90 Ariz. 32, 363 P.2d 930 (1961); *Revles v. Industrial Commission*, 88 Ariz. 67, 352 P.2d 759 (1960)." *Morrison–Knudsen Co., Inc. v. Industrial Commission*, 115 Ariz. 492, 495, 566 P.2d 293, 296 (1977).

We believe our opinion is dispositive of this issue.

## CONCLUSION

It is apparent that petitioner herein relied upon, to his detriment, the majority opinion of the Court of Appeals in *All Star Coach*, supra, which was reversed by an opinion of this court filed the day after the oral argument before the Court of Appeals in the instant case. It would therefore seem appropriate that the petitioner should be allowed, if he wishes, to reopen the second and third awards for further consideration as unscheduled awards.

Awards affirmed.

STRUCKMEYER, V. C. J., and HAYS, HOLOHAN and GORDON, JJ., concur.