48

597 P.2d 201

Julian RAMIREZ, Petitioner,

v.

The INDUSTRIAL COMMISSION of
Arizona, Respondent,

A. J. Gilbert Construction Company,
Respondent Employer,

Hartford Accident & Indemnity
Company, Respondent Carrier.

No. 1 CA–IC 2011.

Court of Appeals of Arizona,
Division 1,
Department C.

June 28, 1979.

Davis & Eppstein, P. C. by Robert W. Eppstein, Tucson, for petitioner.

John H. Budd, Jr., Chief Counsel, The Industrial Commission of Arizona, Phoenix, for respondent.

O'Connor, Cavanagh, Anderson, Westover, Killingsworth & Beshears by W. C. Wahl, Jr., Phoenix, for respondents Employer and Carrier.

OPINION

FROEB, Judge.

Petitioner Julian Ramirez questions the right of respondents to close a claim for a second industrial injury which is stationary and has resulted in no permanent impairment where a claim for a prior injury is still open.

On May 1, 1975, petitioner suffered an industrial injury to his left ankle. Benefits were paid until the claim was closed as of September 30, 1976, with a scheduled award for a fifteen percent permanent partial disability to the left leg. Petitioner suffered a second industrial injury when he fell and broke his hip on November 8, 1976. His claim was accepted for benefits by respondent carrier. Then, in March of 1977, while the second injury claim was open, petitioner filed a petition to reopen the 1975 ankle injury claim. Reopening was eventually granted by an award of the Industrial Commission. Respondent carrier issued a notice of claim status on November 1, 1977, at which time both claims were open, seeking to close the second injury claim with no permanent impairment because the hip became stationary on October 25, 1977.

No formal hearing was held, but rather, the parties submitted a statement of stipulated facts. This statement included a stipulation that no permanent impairment resulted from the hip injury. The hearing officer adopted respondents' argument and entered an award closing the second claim with no permanent impairment as of October 25, 1977.

As authority for his position that the claim for the second injury should not be closed while the claim for the first injury remains open, petitioner cites *Gates v. Industrial Commission,* 118 Ariz. 521, 578 P.2d 602 (1978) and *All Star Coach, Inc. v. Industrial Commission,* 115 Ariz. 335, 565 P.2d 515 (1977). These cases hold that a later injury must be held open until an earlier injury has become stationary and is closed. The reasoning behind these cases is that claims should be closed in the order in which the injuries occurred so that a resulting disability can be properly classified under *Ronquillo v. Industrial Commission,* 107 Ariz. 542, 490 P.2d 423 (1971).

Respondents argue that the rule of *Gates* and *All Star Coach* applies only where the second injury results in permanent impairment. They point out that only in cases of permanent impairment does the question whether to classify the subsequent injury as scheduled or unscheduled arise.

We agree with respondents that *Gates* and *All Star Coach* do not apply so as to require the second injury to be held open in this case. It is clear that both cases are premised upon permanent impairment resulting from the subsequent injury. Where permanent impairment is not present, the reason for the rule announced in *All Star Coach* does not exist and there is no bar to closing the subsequent injury before one that preceded it.

Petitioner argues that there is some possibility that his ankle injury will cause a variance in gait causing symptoms in his hip at a later time. As this is purely speculative, it has no bearing upon the hearing officer's award closing the hip injury. If a new, additional, or previously undiscovered disability or condition is present at a later time, petitioner may seek relief by way of reopening.

The award is affirmed.

EUBANK, P. J., and HAIRE, J., concur.