513 P.2d 1348

Marvin E. STINE, Petitioner,

v.

The INDUSTRIAL COMMISSION of Arizona, Respondent,

McCulloch Properties, Inc., Respondent Employer,

State Compensation Fund, Respondent Carrier.

No. I CA–IC 800.

Court of Appeals of Arizona, Division 1, Department B.

Sept. 18, 1973.

Langerman, Begam & Lewis, P. A., by Michael J. O'Melia, Phoenix, for petitioner.

**466**

William C. Wahl, Jr., Chief Counsel, The Industrial Commission of Arizona, Phoenix, for respondent.

Robert K. Park, Chief Counsel, State Compensation Fund by R. Kent Klein, Phoenix, for respondents employer and carrier.

## OPINION

EUBANK, Presiding Judge.

We issued our writ of certiorari to review the findings and award of the Industrial Commission which found petitioner to have a scheduled injury to his right hand as a result of his industrially related accident on May 18, 1971. Petitioner contends that the Commission erred by not considering the injury as unscheduled pursuant to A.R.S. § 23–1044, subsec. C.

In November of 1969, while self-employed as a farmer in Michigan, petitioner sustained a non-industrial injury to his left (minor) hand which resulted in the loss of four fingers. He recuperated that winter and in the spring of 1971 returned to work. However, petitioner found that his injury prevented him from continuing the livestock operation. In December 1970, petitioner moved to Lake Havasu City, Arizona, began work for respondent employer, and on May 18, 1971, he sustained an industrial injury to the second finger of his right hand.

■ A common instance of conversion of a scheduled to an unscheduled award occurs when a claimant is injured in an industrial accident at a time when his earning capacity is affected by a preexisting disability. Ronquillo v. Industrial Commission, 107 Ariz. 542, 490 P.2d 423 (1971); McKinney v. Industrial Commission, 78 Ariz. 264, 278 P.2d 887 (1955). Further, as stated by our Supreme Court in Ronquillo, supra,

" . . . In the case of a prior non-industrially related injury which would have been a scheduled award had it been industrially related, there is a presumption that the prior injury had an effect on the earning capacity of the workman at the time of the second injury although this presumption can be overcome as it was in Wollum and Goodyear, supra." (107 Ariz. at 544; 490 P.2d at 425).

The earlier injury to petitioner's left hand would have been a scheduled injury under A.R.S. § 23–1044, subsec. B had it been an industrial injury. Therefore, the narrow issue before this Court is whether that presumption raised by Ronquillo was rebutted thereby preventing the conversion of the injury from a scheduled to an unscheduled injury.

We note initially that this matter was presented to the hearing officer very soon after the Ronquillo decision, and from a review of his findings it appears that he believed the burden of proof as to all elements was upon the petitioner. In addition, Wollum v. Industrial Commission, 100 Ariz. 317, 414 P.2d 137 (1966) was cited as authority by the hearing officer but was overruled in Ronquillo, supra.

Some evidence was produced at the hearing concerning petitioner's earning capacity following the 1969 farm injury. Petitioner, who did not have the assistance of counsel and who was examined by the respondent employer, testified that after recuperating from his injury he was no longer able to raise livestock, which had previously been his livelihood, because of his physical limitations but instead was forced to convert his farm to that of raising a cash crop. When he planted his crop in the spring he had to have his wife and children rip open the seed bags and help him load the planter, but he later testified that with a few adjustments he felt he could have done the work in the future himself and made the same amount of money. As to the year 1970, petitioner said he earned about the same amount of money as he had in 1969.

■ Normally, the fact that an injured person is able to carry on the same type

of occupation or make equivalent wages subsequent to his injury as he did prior to his injury is indicative that he suffered no loss of earning capacity. Maness v. Industrial Commission, 102 Ariz. 557, 434 P.2d 643 (1967); Turley v. Industrial Commission, 10 Ariz.App. 21, 455 P.2d 470 (1969).

■ However, in this case petitioner was only speculating as to his ability to farm with his handicap and without the aid of others, which aid he had had in 1970. Further, in ascertaining whether a previous nonindustrial injury affected earning capacity prior to the later industrial injury. it is proper to consider whether the previous injury affected his potential earning capacity. Sutton v. Industrial Commission, 16 Ariz.App. 334, 493 P.2d 501 (1972). There is evidence in the record that the loss of the fingers on his left hand would have affected his "potential" earning capacity, since it precluded him from ever returning to the livestock business in those years in which it would be more profitable to use the crop as feed than to sell the crop itself. Likewise, there is evidence in the record that the injury to his left hand would affect his potential earning capacity in non-farming labor positions.

■ The Commission was therefore confronted with a factual determination of whether petitioner's actual work record and his actual earnings therefrom rebutted the presumption of continued loss of earning capacity coupled here with the possibility that the farm injury may have adversely affected his potential earning capacity. From the record it appears that this factual determination was not made by the hearing officer since the Ronquillo, supra, presumption was not considered, and therefore the award is set aside.

JACOBSON, C. J., Division 1, and HAIRE, J., concur.