557 P.2d 1091

Moises MOYA, Petitioner,

v.

The INDUSTRIAL COMMISSION of Arizona, Respondent,

Triple X Transfer Inc., Respondent Employer,

State Compensation Fund, Respondent Carrier.

No. 1 CA–IC 1246.

Court of Appeals of Arizona, Division 1, Department C.

Oct. 5, 1976.

**660**

Gorey & Ely by Stephen S. Gorey, Walter R. Ulman, Phoenix, for petitioner.

John H. Budd, Jr., Chief Counsel, The Industrial Commission of Arizona, Robert K. Park, Chief Counsel, State Compensation Fund, Philips & Taylor by Christopher J. Philips, Phoenix, for respondents employer and carrier.

## OPINION

EUBANK, Judge.

Petitioner, Moises Moya, by this review attacks the validity of the Industrial Commission finding that he had only suffered a 48.23% reduction in earning capacity. The findings and award resulted from his "Petition for Rearrangement or Readjustment of Compensation", filed on August 6, 1973, and subsequent hearings.

Petitioner contends the finding is erroneous in that the hearing officer disregarded relevant evidence of a non-industrial related physical condition in determining the degree of his earning capacity impair-

ment. Further, he contends even if the Commission's finding is correct, the benefits should have been made retroactive to February 15, 1966, the date of petitioner's first Petition to Rearrange, rather than the date of the petition herein.

The facts which led to this review are as follows. Petitioner, a truck driver, suffered an industrial back injury in 1962, which resulted in a 15% general physical functional disability. As a result he was awarded temporary benefits with no reduction in earning capacity. Petitioner thereafter resumed work as a truck driver. On February 15, 1966, he filed a "Petition and Application for Rearrangement or Readjustment or Reopening of Claim," alleging he was totally disabled as a result of the 1962 injury. No action was taken on this petition as petitioner had moved to California and failed to pursue it.

On August 6, 1973, Moya filed another "Petition for Rearrangement or Readjustment of Compensation" again alleging total disability as a result of his 1962 industrial injury. Denial of this petition led to formal hearings where it was found the 1962 injury *had* now affected his earning capacity. At the hearing petitioner presented evidence for the first time that he suffered from "blackout" spells resembling epilepsy, a condition which contributed to his failure to obtain employment as a truck driver. The evidence disclosed, however, that the "blackouts" existed prior to the 1962 injury and were not aggravated by that injury. The hearing officer therefore refused to consider this condition in determining the reduction of petitioner's earning capacity.

Petitioner argues the hearing officer's disregard of this evidence was erroneous, contending his "blackout spells" constitute a "previous disability" within the meaning of A.R.S. § 23–1044(D) [1] and therefore

1. A.R.S. § 23–1044(D):
   In determining the amount which represents the reduced monthly earning capacity for the purposes of subsection C of this section, consideration shall be given, among other things, to any previous disability, the occupational history of the injured em-

ployee, the nature and extent of the physical disability, the type of work the injured employee is able to perform subsequent to the injury, any wages received for work performed subsequent to the injury and the age of the employee at the time of injury.

must be considered in determining his reduced earning capacity.

A.R.S. § 23-1044(D) permits the existence of a preexisting disability to be considered in determining an employee's loss of earning capacity where the preexisting disability affected his earning capacity at the time he suffered an industrial injury or where the disability was aggravated by an industrial injury. *Ross v. Industrial Commission,* 112 Ariz. 253, 540 P. 2d 1234 (1975); *Stine v. Industrial Commission,* 20 Ariz.App. 465, 513 P.2d 1348 (1973). But where, as here, a medical condition, existing prior to a compensable injury, is unrelated to that injury and is not aggravated by it, then it cannot be considered when determining loss of earning capacity. *Russell v. Industrial Commission,* 23 Ariz.App. 398, 533 P.2d 706 (1975). In *Russell* we stated at 23 Ariz. App. 402:

> We hold that when permanent disability is a result of concurring causes and one or more of these causes are not attributable or not related through aggravation to the accident and injury for which compensation is to be granted but arose independently out of a disease, the non-related injuries are not to be considered for purposes of determining the worker's loss of earning capacity, but are to be apportioned so that the recovery is only for the disability resulting from the industrial injury. (533 P.2d at 710).

We therefore hold that where a condition develops independently of and prior to an industrial injury and the condition is not aggravated by the industrial injury, it is not a "previous disability" within the terms of A.R.S. § 23-1044(D).

Petitioner next argues that since no action was taken on his February 15, 1966 petition to reopen, the present award should be retroactive to that date. This contention is without substance.

At the time of petitioner's application for increase in compensation the applicable statute was A.R.S. § 23-1061, which provided in part:

> A. An employee entitled to compensation shall file with the commission an application therefor together with the certificate of the physician who attended him. The physician shall inform the injured employee of his rights under this chapter and shall give all necessary assistance in making the application for compensation and such proof as required by the rules of the commission without charge.

\* \* \* \* \* \*

> C. Like application shall be made for an increase or rearrangement of compensation. No increase or rearrangement shall be operative for any period prior to application therefor, and any increase or rearrangement shall be within the limits and classifications provided in this chapter.

In addition Rule 64, Rules of Procedure before the Industrial Commission stated:

> 64. Application for Reopening or Readjustment of Claims:—Application for an increase or rearrangement of compensation or application for compensation based upon new, additional or previously undiscovered disability, or application or petition to reopen claim, shall be filed with the Commission in writing, setting forth facts and circumstances, and supported by a written report of a physician or surgeon, duly and regularly licensed to practice medicine and surgery in the State of Arizona, setting forth facts and circumstances in detail relating to the then physical condition of said applicant.

> In the event the report of the physician or surgeon claims new, additional, or previously undiscovered disability, the Commission shall make further independent investigation, including medical examinations or laboratory work relating to the alleged physical condition of the applicant. Such application for compen-

sation shall not be operative for any period prior to application therefor. Reasonable necessary medical examination and laboratory work expense shall be borne by the applicant. In the event the application is determined by the Commission to justify additional compensation or medical treatment, the Commission shall notify in writing all interested parties of its decision; and the applicant will be reimbursed for reasonable necessary medical examination and laboratory work expense which he has incurred, in accordance with the Commission's Medical, Dental, Hospital and Nursing Fee Schedule.

The record shows that petitioner did not comply with either the mandatory language of the statute or Rule 64 by failing to file the required physician's certificate with the petition. Under these circumstances, the Commission was under neither the statutory nor regulatory obligation to process the alleged claim. *Cf. O'Connor v. Industrial Commission,* 19 Ariz.App. 43, 48–49, 504 P.2d 966, 971–972 (1973). *Cf. Stout v. Industrial Commission,* 12 Ariz.App. 211, 469 P.2d 103 (1970). Indeed, the Commission did not have jurisdiction to do so. *Jupin v. Industrial Commission,* 71 Ariz. 131, 224 P.2d 199 (1950). *Adkins v. Industrial Commission,* 95 Ariz. 239, 389 P.2d 118 (1964), and *Kasprowiz v. Industrial Commission,* 20 Ariz.App. 116, 510 P.2d 427 (1973) [also at 14 Ariz.App. 75, 480 P.2d 992 (1971)], cited by petitioner are inapposite to this case.

HAIRE, C. J., and NELSON, J., concur.