661 P.2d 219

Elias C. LAZARIN, Petitioner,

v.

The INDUSTRIAL COMMISSION OF ARIZONA, Respondent,

Inspiration Consolidated Copper Company, Respondent Employer,

State Compensation Fund, Respondent Carrier.

No. 1 CA–IC 2668.

Court of Appeals of Arizona, Division 1, Department C.

Jan. 25, 1983.

Rehearing Denied March 3, 1983.

Review Denied March 29, 1983.

Machmer, Schlosser & Meitz, P.C. by Ronald M. Meitz, Phoenix, for petitioner.

James A. Overholt, Chief Counsel, Industrial Com'n of Arizona, Phoenix, for respondent.

Ladendorff & Ridge, P.C. by Warren C. Ridge, Phoenix, for respondent employer.

Robert K. Park, Chief Counsel, State Compensation Fund, Phoenix, for respondent carrier.

## OPINION

BROOKS, Judge.

This is a special action review of an Industrial Commission award which found that claimant/petitioner Elias Lazarin was not entitled to permanent partial disability benefits as a result of an industrial injury to his back. Petitioner presents the following issues on review:

1. Did the administrative law judge err in failing to determine whether petitioner's industrial injury caused a loss of earning capacity?

2. Is there any reasonable evidence to support the finding that the petitioner is 100 percent disabled and that this disability is solely due to petitioner's non-industrial pulmonary condition?

3. Did the administrative law judge err in denying petitioner's request for a continuance?

Petitioner sustained an industrial injury to his back on October 4, 1977. His claim for benefits was accepted by the carrier.

By Notice of Claim Status issued March 7, 1978, temporary compensation and active medical treatment were terminated as of February 27, 1978. The notice found that the injury resulted in no permanent disability. Petitioner protested this notice. Hearings were held and a decision was issued on October 31, 1978. The administrative law judge found that petitioner's condition referable to the October 4, 1977 injury was not stationary and that he was entitled to continued medical benefits and temporary total and/or partial disability benefits. This award became final.

Petitioner did not return to work. He applied for disability retirement on September 7, 1978, stating that the nature of his disability was asthmatic bronchitis, hypertension, obesity and anxiety.

On January 30, 1980, petitioner was examined by four physicians from the Southwest Disability Evaluation Center. Their report contains the following pertinent opinions:

In our opinion, at the present time the patient presents sufficient in the way of evidence to rate a fifteen percent (15%) permanent impairment of the whole man related to his long standing low back difficulties, including those in connection with the injury of 10–4–77. Inasmuch as the patient was previously rated at ten percent (10%) permanent impairment of the whole man related to the 1966 injury and surgery, it would be our opinion the patient has an additional five percent (5%) permanent impairment of the whole man as a result of the accident of 10–4–77.

With reference to his pulmonary problems, the patient has had increasing pulmonary insufficiency by history over the past seven years. He has been evaluated by Dr. Murray Spotnitz and has had additional pulmonary function studies performed at the Miami Inspiration Hospital. Since we have no other available medical records regarding his pulmonary difficulties, it did not seem appropriate to evaluate him specifically at this time. However, on the surface, the patient would appear to be totally incapacitated by his pulmonary problems, and his functional capabilities with reference to his low

back, cannot be satisfactorily evaluated because of his pulmonary difficulties. The patient indicates that he was medically retired over a year ago by Inspiration Consolidated Copper Company because of his pulmonary difficulties and low back pain.

A Notice of Claim Status was issued on April 16, 1980 which terminated temporary compensation and medical benefits and found that the injury resulted in a permanent disability. The Commission thereafter issued its Findings and Award for Unscheduled Permanent Partial Disability on July 16, 1980 which found that petitioner had sustained a five percent general physical functional disability as a result of the October 4, 1977 injury and that he had sustained a 38.07 percent reduction in his monthly earning capacity. Both petitioner and the employer filed requests for a hearing protesting the loss of earning capacity determination.

Hearings were held on March 4 and March 26, 1981. The Commission issued its decision on June 26, 1981. The administrative law judge made the following pertinent findings:

11. .... To the extent that there is a conflict in the medical testimony as to whether the applicant is disabled by his asthma, this Administrative Law Judge adopts the opinions of Dr. Collopy, those of the Southwest Disability Group, and that of Dr. Martin that the applicant is totally disabled by his bronchial asthma,

which is not related to the industrial injury.

12. When an injured employee is disabled from a nonindustrial condition under circumstances such as exist in this case, then the applicant is not entitled to an award for unscheduled permanent partial disability. See *State Compensation Fund v. Diaz,* 19 Ariz.App. 328, 507 P.2d 130 (1973), in which case the applicant's disability was due to his pre-existing legal blindness rather than to his industrially-related foot injury.

13. The applicant's present loss of earning capacity, which appears to be 100%, is not due to the industrial injury but is due to the bronchial asthma. Therefore, the applicant is not entitled to compensation for unscheduled permanent partial disability.

### AWARD

IT IS HEREBY ORDERED that the applicant is not entitled to compensation for unscheduled permanent partial disability inasmuch as his present disability is due to bronchial asthma and not to the industrial injury.

This decision was affirmed on administrative review and special action review to this court followed.

Petitioner initially argues that the administrative law judge failed to perform his statutory duty under A.R.S. § 23–1044[1] by failing to first determine, independent of

---

1. A.R.S. § 23–1044 (Supp.1982) provides in pertinent part as follows:

C. In cases not enumerated in subsection B of this section, where the injury causes permanent partial disability for work, the employee shall receive during such disability compensation equal to fifty-five per cent of the difference between his average monthly wages before the accident and the amount which represents his reduced monthly earning capacity resulting from the disability, but the payment shall not continue after the disability ends, or the death of the injured person, and in case the partial disability begins after a period of total disability, the period of total disability shall be deducted from the total period of compensation.

D. In determining the amount which represents the reduced monthly earning capacity

for the purposes of subsection C of this section, consideration shall be given, among other things, to any previous disability, the occupational history of the injured employee, the nature and extent of the physical disability, the type of work the injured employee is able to perform subsequent to the injury, any wages received for work performed subsequent to the injury and the age of the employee at the time of injury.

E. In case there is a previous disability, as the loss of one eye, one hand, one foot or otherwise, the percentage of disability for a subsequent injury shall be determined by computing the percentage of the entire disability and deducting therefrom the percentage of the previous disability as it existed at the time of the subsequent injury.

the asthmatic condition, the petitioner's loss of earning capacity caused by the unscheduled low back impairment. Petitioner contends that the administrative law judge had the duty to initially determine whether petitioner's low back impairment was disabling, and to what extent it caused a loss of earning capacity, and that only then could he apportion the disabilities so that the recovery would be only for the disability resulting from the industrial injury. Petitioner argues that finding number 13 quoted above cannot be construed as concluding that petitioner had sustained no loss of earning capacity as a result of the industrial injury. Petitioner contends that the administrative law judge erred in failing to resolve the issue of whether any loss of earning capacity resulted from the 1977 injury.

The respondent employer argues that the administrative law judge's finding that petitioner's "present loss of earning capacity, which appears to be 100%, is not due to the industrial injury but is due to the bronchial asthma" constitutes a finding as to the amount of petitioner's disability which resulted from the industrial injury. We disagree.

With regard to a determination of whether petitioner sustained a loss of earning capacity as a result of the industrial injury, we find that the award is ambiguous at best. We cannot read finding number 13 as clearly concluding that petitioner sustained *no* loss of earning capacity as a result of the industrial injury. The administrative law judge did conclude that petitioner's *total* loss of earning capacity was not due to the industrial injury; however, he did not resolve the issue of whether petitioner sustained any *partial* loss of earning capacity as a result of the industrial injury.

We note that the present case does not involve a situation where an industrial injury has operated on an existing bodily condition or predisposition, thereby producing a further injurious result. *Cf. Tatman v. Provincial Homes,* 94 Ariz. 165, 382 P.2d 573 (1963); *Harbor Insurance Company v. Industrial Commission,* 25 Ariz.App. 610, 545 P.2d 458 (1976). Petitioner has not argued that the subject back injury aggravated his preexisting pulmonary condition. The present case involves an industrial injury and a non-industrial condition which is not attributable to and has not been aggravated by the industrial injury. Petitioner relies on the following language from *Russell v. Industrial Commission,* 23 Ariz.App. 398, 402, 533 P.2d 706, 710 (1975):

We hold that when permanent disability is a result of concurring causes and one or more of these causes are not attributable or not related through aggravation to the accident and injury for which compensation is to be granted but arose independently out of a disease, the non-related injuries are not to be considered for purposes of determining the worker's loss of earning capacity, but are to be apportioned so that the recovery is only for the disability resulting from the industrial injury.

*Accord, Moya v. Industrial Commission,* 27 Ariz.App. 659, 557 P.2d 1091 (1976).

In *Aluminum Company of America v. Industrial Commission,* 61 Ariz. 520, 152 P.2d 297 (1944), the claimant had osteoarthritis of the spine and pelvis which had been aggravated by an industrial accident. The claimant also suffered from Parkinson's disease which all the doctors testified was principally responsible for the claimant's present total permanent disability. The referee refused to permit any examination by the defendant employer which would establish percentages of the total disability due to each cause—that is, the injury to the osteoarthritic spine and the Parkinson's disease. On review, our supreme court held that "the referee did exclude relevant and material evidence that had a direct bearing and should have been considered by the Commission on the matter of apportioning the disability of the applicant, between the effect of aggravated arthritis and that of non-aggravated Parkinson's disease." *Id.* at 532, 152 P.2d at 301.

The rule of *Aluminum Company* is that when two concurring causes produce a

total disability and one of the causes of the total disability is not related to the industrial injury, such partial disability is to be apportioned so that the employee is compensated for the disability caused by the industrial injury but not for the disability caused by the non-industrial condition. *See also Russell v. Industrial Commission, supra.* Because the non-industrial condition is not to be considered for purposes of determining the worker's loss of earning capacity, we find that the Commission must initially determine that loss of earning capacity which is solely related to the industrial injury without regard to the impairment due to the non-industrial injury. The disabilities can thus be apportioned so that the recovery is only for the disability resulting from the industrial injury.

We note that it was the opinion of the physicians from the Southwest Disability Evaluation Center that petitioner "would appear to be totally incapacitated by his pulmonary problems, and his functional capabilities with reference to his low back cannot be satisfactorily evaluated because of his pulmonary difficulties." We recognize that it is difficult to allocate percentages in cases such as this one. However, once the injured worker has shown that his industrial injury prevents him from returning to his former job, that he has a permanent partial disability resulting from the injury, and that he has made a good faith effort to find other work, then the burden of going forward with the evidence shifts to the employer. *E.g., United Riggers Erectors v. Industrial Commission,* 131 Ariz. 258, 640 P.2d 189 (App.1981).

The record is clear that petitioner presented evidence that he had sustained a permanent partial disability as a result of his industrial injury. Dr. George F. Martin testified that petitioner's pulmonary problems and his obesity are contributing factors as to why he is unable to work; however, he stated that if petitioner was treated for his allergies, he would be able to work. Dr. Martin also gave the following testimony: "I think why he can't work today is most likely on the basis of the injury

of October 4, 1977. . . . " Dr. Efrain Pineres testified that petitioner would be able to return to work with his pulmonary problems but not with his back condition. Both Dr. Martin and Dr. Pineres testified concerning the limitations that petitioner suffered as a result of his back injury. Two employers testified that petitioner applied for work with them but that he was not considered for employment due to his back condition. The manager of job services for the Arizona Department of Economic Security in Globe, Arizona testified that petitioner was referred to two potential jobs but that he was not hired.

The administrative law judge relied on *State Compensation Fund v. Diaz,* 19 Ariz. App. 328, 507 P.2d 130 (1973), in finding that petitioner was not entitled to compensation. That case can be readily distinguished from the case at hand. In *Diaz,* we found that a reading of all the testimony showed that the claimant had *wholly* failed to sustain his burden of proving that his loss of earning capacity was related to his industrial injury. We found that the evidence showed that the *sole* cause of his loss of earning capacity was his non-industrial condition. In the present case, however, we have noted that petitioner did present evidence that he sustained a loss of earning capacity solely as a result of his industrial injury.

Of course, it is the duty of the Commission to resolve all conflicts in the evidence, and it is its privilege to determine which of the conflicting testimony is more probably correct. *Perry v. Industrial Commission,* 112 Ariz. 397, 542 P.2d 1096 (1975). The problem with the present case is that although the administrative law judge found that petitioner was totally disabled by his pulmonary problems, he did not, in unambiguous language, resolve the issue of whether petitioner sustained a loss of earning capacity solely related to the industrial injury without regard to the impairment due to the non-industrial condition. It is well-established that the findings of the Commission must be of such a nature that they dispose of all the material issues in-

volved. *See, e.g., Cammeron v. Industrial Commission,* 98 Ariz. 366, 405 P.2d 802 (1965). Accordingly, we hold that the award must be set aside.

Since we hold that the award must be set aside, we decline to reach the other issues presented by petitioner.

Award set aside.

JACOBSON, P.J., and CONTRERAS, J., concur.