NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

---

FRANK VASS,
*Petitioner Employee*,

*v.*

THE INDUSTRIAL COMMISSION OF ARIZONA,
*Respondent,*

PRESIDIO NORTH L.P.,
*Respondent Employer*,

TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA,
*Respondent Carrier*.

No. 1 CA-IC 18-0066
FILED 5-14-2019

---

Special Action – Industrial Commission
ICA Claim No. 20172-700072
Carrier Claim No. 127-CBE6D5619-3
Amy L. Foster, Administrative Law Judge

**AWARD AFFIRMED**

COUNSEL

Frank Vass, Phoenix
*Petitioner Employee*

The Industrial Commission of Arizona, Phoenix
By Gaetano J. Testini
*Counsel for Respondent*

Hoffman Kelley Lopez, LLP, Scottsdale
By Carolanne D. McCaskill
*Counsel for Respondent Employer and Respondent Carrier*

**MEMORANDUM DECISION**

Presiding Judge Lawrence F. Winthrop delivered the decision of the Court, in which Judge Maria Elena Cruz and Judge Kenton D. Jones joined.

**W I N T H R O P**, Judge:

**¶1**     This is a special action review of an Industrial Commission of Arizona ("ICA") award and decision upon review finding the claim of petitioner employee, Frank Vass ("Petitioner"), non-compensable. The administrative law judge ("ALJ") resolved the issues in favor of the respondent employer, Presidio North L.P. ("Presidio") and the respondent carrier, Travelers Property Casualty Company of America (collectively "Respondents"). Because we find the ALJ's determinations are reasonably supported by substantial evidence in the record, we affirm.

**FACTS AND PROCEDURAL HISTORY**

**¶2**     Petitioner worked as a handyman completing various construction and maintenance projects for an apartment complex owned by Presidio. On September 12, 2017, Petitioner pulled carpet out of a recently vacated apartment and hauled the carpet to the dumpster. That night, Petitioner began having symptoms of a burning sensation in his nose, watering eyes, painful congestion, sore throat, trouble swallowing, and bleeding when he blew his nose. Petitioner went to see his supervisor the next morning to report his symptoms and file a workers' compensation claim. Presidio sent Petitioner to a walk-in clinic, and he was prescribed

allergy medicine.  The medication did not alleviate Petitioner's symptoms, so the clinic's doctor referred him to Dr. Deven Gujrathi, a board-certified otolaryngologist and neck surgeon.  Dr. Gujrathi diagnosed Petitioner as having chronic rhinosinusitis with nasal polyps and recommended a CT scan, a follow-up with an allergy specialist, and, possibly, sinus surgery to remove the polyps and relieve the inflammation.

¶3            Upon reviewing Petitioner's claim, Respondents denied the request for benefits on November 30, 2017.  Petitioner timely requested an ICA hearing, and three hearings were held on April 4, May 29, and June 5, 2018.

¶4            Before the hearings, Respondents arranged for Dr. Leon Zeitzer, a board-certified otolaryngologist, to examine Petitioner in December 2017.  The examination revealed significant inflammation in Petitioner's nose, but Dr. Zeitzer could not determine if the condition was chronic or caused by an acute episode.  Dr. Zeitzer recommended that Petitioner undergo a CT scan to further determine the source of Petitioner's medical problem.  After reviewing the CT scan—and comparing it with a CT scan in Petitioner's medical records from 2009—Dr. Zeitzer concluded Petitioner had a history of chronic sinusitis and therefore Petitioner's condition most likely could not be attributed to an event occurring as recently as September 12, 2017.  On physical examination, Dr. Zeitzer did not document any objective findings that would indicate Petitioner's pre-existing condition was exacerbated by the September 12, 2017 work-related incident.

¶5            Petitioner represented himself at the April 4 hearing and testified that he experienced problems with his sinuses ten years earlier due to an allergic reaction to various flower blooms.  Petitioner stated, however, that he had not previously experienced the severity of his current symptoms before the work-related incident on September 12, 2017.  He asserted that the apartment contained significant amounts of dust, rotten wood, and black mold, and he submitted pictures of the apartment taken on September 12, 2017, as evidence of those work exposures.  Petitioner's former co-worker also testified that she saw mold in the apartment where Petitioner removed the carpet.

¶6            In addition to providing testimony and photographs, Petitioner indicated that he filed a complaint with the Arizona Division of Occupational Safety and Health ("OSHA") and the agency planned to conduct a hazardous mold study at the apartment complex.  At the last hearing, Petitioner stated the OSHA report was still pending.  The ALJ

asked Petitioner if he would like her to defer making a decision until the report was done so that it could be included in the evidence, but Petitioner declined.

**¶7** Dr. Gujrathi testified on behalf of Petitioner. His testimony was based on physical examinations conducted in October 2017 and March 2018 and on his review of the 2018 CT scan. Dr. Gujrathi diagnosed Petitioner with nasal polyps, which he testified were either the result of chronic allergies or recent exposure to chemicals or irritants in the air. On cross-examination, Dr. Gujrathi acknowledged that he did not have access to the 2009 CT scan before reaching his diagnosis. He opined that Petitioner's sinus condition could be related to his work but conceded other, non-work-related irritants in the environment could have also caused his symptoms. Dr. Gujrathi further explained, "it's more likely than not that the patient has a chronic nasal condition that's not related to his acute exposure."

**¶8** Dr. Zeitzer testified on behalf of Respondents and explained that his physical examinations of Petitioner and his subsequent review of the 2009 and 2018 CT scans also revealed nasal polyps along with inflammation. Dr. Zeitzer opined that the inflammatory reaction was likely caused by exposure to irritants in the air a few weeks, or potentially a few months, before September 12, 2017. Dr. Zeitzer's review of the CT scans showed chronic sinusitis dating back to at least 2009. Accordingly, Dr. Zeitzer opined that, to a reasonable degree of medical probability, the exposure causing the nasal polyps pre-dated September 12, 2017, and was not work-related.

**¶9** The ALJ ultimately found Petitioner had not sustained his burden of proof that the sinus condition was work-related; in the alternative, the ALJ adopted Dr. Zeitzer's medical opinion as more credible, and entered an award finding Petitioner's claim non-compensable. Petitioner requested review of the decision, and the ALJ summarily affirmed the award. Petitioner timely appealed to this court.

**JURISDICTION AND STANDARD OF REVIEW**

¶10        This court has jurisdiction pursuant to Arizona Revised Statutes sections 12-120.21(A)(2) (2019),[1] 23-951(A), and Arizona Rule of Procedure for Special Actions 10.

¶11        In reviewing findings and awards of the ICA, we defer to the ALJ's factual findings but review questions of law *de novo*. *Young v. Indus. Comm'n*, 204 Ariz. 267, 270, ¶ 14 (App. 2003). We consider the evidence in the light most favorable to upholding the ALJ's award, *Lovitch v. Indus. Comm'n*, 202 Ariz. 102, 105, ¶ 16 (App. 2002), and will not disturb the ALJ's findings unless the conclusions cannot be "supported on any reasonable theory of evidence," *Phelps v. Indus. Comm'n*, 155 Ariz. 501, 506 (1987).

**ANALYSIS**

¶12        Petitioner asserts the ALJ erred by finding his claim non-compensable. He maintains that he still suffers from ongoing problems as a result of his exposure to the apartment on September 12, 2017.[2]

¶13        Petitioner had the burden of proving his sinusitis was caused by his employment activities, or alternatively, the sinusitis was a pre-existing, non-industrial condition exacerbated by his employment activities. *McCreary v. Indus. Comm'n*, 172 Ariz. 137, 144 (App. 1992). Either showing would have established a compensable claim for his nasal problems occurring after September 12, 2017. "This principle is based on the well-established law that an employer takes an employee as is, that is, with whatever peculiar vulnerabilities the employee may have." *Id.* (internal quotation and citation omitted).

¶14        Expert medical testimony is required where the cause of an injury or medical condition is not readily apparent. *W. Bonded Prods. v.*

---

[1]        Absent material revision after the relevant dates, we cite the current version of the statutes and rules.

[2]        In his opening brief, Petitioner also states that the ALJ and Respondents' attorney engaged in ex parte communication after each hearing outside of his presence. Although Petitioner indirectly suggests impropriety on the part of the ALJ, he does not present a legal argument alleging any potential or actual bias. As such, we need not address this issue further. We observe that, if such interaction occurred, a better practice in the future for the ALJ would be to avoid any such appearance of impropriety.

*Indus. Comm'n*, 132 Ariz. 526, 527 (App. 1982). Here, whether the nasal polyps and inflammatory response was caused or exacerbated by work activities or exposure was the subject of medical testimony from Doctors Gujrathi and Zeitzer. It was the role of the ALJ to evaluate that testimony and, in the event the medical opinions were in conflict, to adopt the medical opinion she found more credible. *Lazarin v. Indus. Comm'n*, 135 Ariz. 369, 373 (App. 1983).

¶15 In the case before us, however, there was no medical opinion offered within a reasonable degree of medical probability that established a causal relationship between Petitioner's exposure in the apartment as either the primary cause of his nasal polyps or an aggravating factor for his pre-existing sinusitis to become symptomatic. Dr. Gujrathi's medical opinion that the condition could be related to Petitioner's work exposure was stated as a possibility, not a probability. As such, this opinion was, as a matter of law, insufficient to establish compensability. *See Bell Road Mini Storage v. Indus. Comm'n*, 124 Ariz. 493, 495 (1980) (stating that expert testimony describing work conditions as "one of the things which *could have* caused [an injury]" is insufficient to show the causal relationship necessary to establish a compensable claim) (emphasis added). Accordingly, Petitioner failed to meet his burden of proof. *T.W.M. Custom Framing v. Indus. Comm'n*, 198 Ariz. 41, 45-46, ¶ 12 (App. 2000) ("Claimants bear the burden of establishing all material elements of their claim, including causation and, in IC cases, the necessary connection to a work-related injury.").[3]

¶16 Dr. Zeitzer opined that, within a reasonable degree of medical probability, Petitioner had pre-existing chronic sinusitis and that there were no objective findings upon physical examination or in comparing the CT scans to indicate that Petitioner's chronic sinus condition was exacerbated as a result of the September 12, 2017 work-related exposure. Even assuming there was a conflict in qualified medical expert opinions, the ALJ acted within her discretion in accepting Dr. Zeitzer's opinion. In any event, the ALJ's decision that Petitioner failed to carry his burden of proving a causal connection between his current sinus problems and the industrial event of September 12, 2017, is supported by the evidence in the record.

---

[3] Petitioner chose not to have the result of OSHA's hazardous mold test included in the evidence considered by the ALJ; accordingly, we need not determine whether the results of such test, if positive, would have satisfied Petitioner's burden of proof as to causation.

Accordingly, we will not disturb the findings and award. *Phelps*, 155 Ariz. at 506.

## CONCLUSION

¶17 For the foregoing reasons, we affirm.



AMY M. WOOD • Clerk of the Court
FILED: AA