NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

MARIA GOMEZ, *Petitioner*,

*v.*

THE INDUSTRIAL COMMISSION OF ARIZONA, *Respondent*,

M. CULINARY CONCEPTS HOUSTONS TOO d/b/a M. CULINARY
CONCEPTS, *Respondent Employer*,

COLORADO CASUALTY INS. CO., *Respondent Carrier*.

No. 1 CA-IC 20-0034
FILED 04-01-2021
AMENDED PER ORDER FILED 04-02-2021

Special Action - Industrial Commission
ICA Claim No.  20160-690412
Carrier Claim No.  805496050
The Honorable Marceline Lavelle, Administrative Law Judge

**AFFIRMED**

COUNSEL

Snow Carpio & Weekley PLC, Phoenix
By Erica Rose Gonzalez-Melendez
*Counsel for Petitioner*

Industrial Commission of Arizona, Phoenix
By Gaetano J. Testini
*Counsel for Respondent ICA*

Lundmark Barberich LaMont & Slavin PC, Phoenix
By Lisa M. LaMont
*Counsel for Respondent Employer/Carrier*

---

**MEMORANDUM DECISION**

Judge Cynthia J. Bailey delivered the decision of the Court, in which Presiding Judge Paul J. McMurdie and Judge Lawrence F. Winthrop joined.

---

**B A I L E Y**, Judge:

¶1        Maria Gomez challenges an Industrial Commission of Arizona ("ICA") award finding Gomez required no work restrictions.  For the following reasons, we affirm.

## FACTS AND PROCEDURAL HISTORY

¶2        In March 2015, Gomez injured her back and leg while employed as a prep cook by M. Culinary Concepts.  The claim was accepted for benefits, and she received appropriate medical and psychological treatment for over four years.  The claim was closed in November 2017 with an unscheduled permanent partial disability due to the back injury; however, in March 2018, that notice was vacated by stipulation when the Carrier agreed Gomez was entitled to ongoing psychological treatment.

¶3        Thereafter, at the Carrier's request, a psychiatrist, Dr. Joel Parker, evaluated Gomez in March and November 2018, and in May 2019.  Based on the most recent evaluation, Dr. Parker concluded that Gomez's mental health condition (major depression in partial remission) was stationary, and that supportive psychiatric care in the form of monthly psychotherapy sessions and up to six medication management meetings with a psychiatrist was appropriate.  Dr. Parker opined that Gomez had "no work restrictions on a psychiatric basis."  Specifically, Dr. Parker noted, "[s]o long as she is appropriately treated with an antidepressant medication, she should have sufficient emotional stability to work in any position for which she is qualified.  *This work restriction does not include any*

2

*restrictions she may have from an orthopedic or pain management perspective.*"
(Emphasis added.)

¶4            The following month, the Carrier issued a notice of claim
status closing Gomez's claim with a 5% permanent impairment based on
her psychiatric condition and indicating she would not have any work
restrictions.  Gomez protested the closure and requested an ICA hearing
because she required further active treatment.  The parties submitted the
relevant psychiatric and psychological records, and requested subpoenas
be issued for the mental health professionals involved in her care.

¶5            An Administrative Law Judge ("ALJ") held an evidentiary
hearing at which Gomez's treating psychologist, Dr. Javier Perez, testified,
and the parties stipulated to the admission of Dr. Parker's reports from his
serial evaluations.  Although Dr. Perez disagreed with Dr. Parker's opinion
that Gomez's mental health status had improved, he agreed with Dr.
Parker's recommended treatment plan and his opinion that Gomez's
condition was stationary.  Dr. Perez did not opine regarding Gomez's work
restrictions.

¶6            After the hearing, the ALJ issued a Decision Upon Hearing
finding Gomez's condition to be stationary effective May 17, 2019, and that
Gomez was entitled to supportive psychiatric care.  The ALJ also found
Gomez's psychiatric condition resulted in a 5% whole person impairment
per AMA Guidelines and, based on Dr. Parker's stipulated report,
concluded that "no work restrictions are necessary related to that
impairment."  The ALJ awarded Gomez medical, surgical, and hospital
benefits from and after March 30, 2015, through May 17, 2019; temporary
total or temporary partial disability compensation as provided by law for
the same period; and supportive psychiatric care recommended by Dr.
Parker.  As a next step, the ALJ ordered the matter referred to the ICA
Claims Division for "an assessment of any loss of earning capacity related
to the permanent impairment."

¶7            Gomez requested review only as to the finding that she had
no work restrictions.  In July 2020, the ICA issued a Decision Upon Review
affirming the Decision Upon Hearing.

## DISCUSSION

¶8            In reviewing findings and awards of the ICA, we defer to the
ALJ's factual findings but review questions of law de novo. *Avila v. Indus.
Comm'n*, 219 Ariz. 56, 57, ¶ 2 (App. 2008).  We consider the evidence in the
light most favorable to upholding the award. *Id.*

¶9        Gomez asserts the same argument on appeal as she did on review below, namely that her work restrictions were not at issue. However, "[w]hen a timely request for hearing is filed [to a Notice of Claim Status closing a claim], the entire matter protested is open for consideration and the applicant need not specify the grounds of [the] request for hearing . . . ." *Parkway Mfg v. Indus. Comm'n*, 128 Ariz. 448, 452 (App. 1981).

¶10        The record supports the ICA's finding that Gomez's psychiatric condition did not require work restrictions. Although both parties agreed Gomez's psychological condition was stationary and she required continuing supportive care, Dr. Parker concluded she did not have any work restrictions. Dr. Perez did not dispute or rebut Dr. Parker's conclusion in that regard, the parties stipulated to the admission of Dr. Parker's report, and the ALJ found Dr. Parker's opinion credible. Thus, the ALJ could properly rely on Dr. Parker's conclusion that Gomez's psychiatric condition did not require work restrictions. *See Lazarin v. Indus. Comm'n*, 135 Ariz. 369, 373 (App. 1983) ("[I]t is the duty of the [ALJ] to resolve all conflicts in the evidence, and . . . to determine which of the conflicting testimony is more probably correct."). Accordingly, because sufficient evidence supports the ICA's award, we affirm.[1]

## CONCLUSION

¶11        For the foregoing reasons, we affirm the ICA award.



AMY M. WOOD • Clerk of the Court
FILED:        JT

---

[1]        To the extent that Gomez believes she has work restrictions as a result of any permanent impairment related to the industrial back injury, that issue remains to be further litigated following issuance of the administrative loss of earning capacity analysis and subsequent notice of claim status on the loss of earning capacity issue.